## Penny *vs* Davis.

ERROR TO THE ANDERSON CIRCUIT.

*Detinue.    Measure of damages.    Loans. ' Frauds—Stat-*
*ute of.*

Case 86.

JUDGE BRECK delivered the opinion of the Court.

*April* 22.

DAVIS brought an action of detinue for a female slave, The case stated. against Penny, and recovered a judgment. A motion for a new trial was overruled, and the testimony and law of the case, as ruled by the Court upon the trial, were spread upon the record, by bills of exception, and upon the appeal of Penny the case is now before this Court.

In reference to the testimony it will be sufficient to say that it conduces to establish these facts :

That some time in April, 1817, Patsey, a daughter of Asel Davis, married a man by the name of Pierce; short-ly after the marriage Davis loaned his daughter a slave by the name of Rachael, who continued in possession of Pierce and wife some eighteen months or two years; Davis then took home Rachael and loaned his daughter a slave named Louisa, who has ever since continued in possession of Pierce, living in his family; that Davis, on the 6th of September, 1823, by deed of that date, con-veyed to his son, the appellee, the slave, Louisa, in trust for the use of his daughter, Pierce, and her children, with power in the trustee to hire her out, or to permit his daughter and her children to have the use of her—the deed was on the same day duly acknowledged and record-ed in the office of the Garrard County Court, in which County all the parties, Davis, Pierce and wife, and the appelle, at the time resided; that Pierce claimed to hold the slave as the slave of his wife, or under the deed— Louisa was the mother of 'the slave in contest, who was born many years after the deed was made—Pierce sold the slave in contest to Railey, and Railey to the appel-lant.

PENNY
*vs*
DAVIS.

*Where the legal title to a slave is conveyed to one, in trust for the use of another, no formal acceptance is necessary on the part of the trustee, it will be presumed from the possession remaining with the cestui que trust.*

Such being the character of the testimony, although there was some discrepancy in it, the counsel for the appellant insists and rely, that it was essential to the validity of the deed of trust that it should have been accepted by the trustee or appellee, and that upon this point no proof was adduced.

The general principle that a grantee or trustee can derive no interest or authority under a deed, unless he accepts it, is certainly correct. But what act on the part of the trustee in this case was requisite to constitute an acceptance? No formal delivery by the grantor and acceptance by the trustee was necessary. It would have been, we apprehend, entirely sufficient for him to have consented that his name, as trustee, should have been inserted in the deed, and afterwards for him to have recognized the deed and himself in the character of trustee under it. He appears in that character in this suit, and in the absence of all testimony to the contrary, his present attitude in reference to the deed should be regarded as relating back to its date, and after such a lapse of time as rendering unnecessary further proof of its acceptance or of the trust thereby created. This view of the question is further sustained by the fact that the possession of the slave, Louisa, and till recently, of her issue, has been consistent with the provisions of the deed.

But the failure and even the refusal of the appellee to accept the deed would not render it invalid, so far as it was intended to secure the slave to Mrs. Pierce and her children. The deed would still, if made within five years from the time the slave was loaned, have been a compliance with the provisions of the statute, and have taken the case out of its operation.

*In detinue for a slave, the criterion of damages is the value of the slave at the time of the finding of the verdict.*

But it is further insisted, on the part of the appellant, that the Court below erred in instructing the jury that if they found for the plaintiff, they ought also to find the value of the slave at that time—the finding the virdict—of the correctness of this instruction we entertain no doubt. Where a party resorts to the action of detinue, he elects to take the specific article or thing, if to be had, and if not, he is entitled to its value at the time it is found and decided to be his property. Such was the principle set-

tied by this Court in *Freeman* vs *Luckett*, (2 *J. J. Marshall*, 393.)

There is only one further question which we deem necessary to notice, and we notice this more from the consideration that it seemed to be confidently relied upon by the learned counsel for the appellant, and urged as an important question, not settled by authority, than from a belief that it involves any serious doubt or difficulty.

The defendant, now appellant, moved the Court for this instruction to the jury:

"That if the jury believed the woman, Louisa, was "in the possession of Pierce on the 6th September, 1823, "the time of making the deed of trust by Asel Davis, on "loan from said Davis, and had been so in his posses- "sion, on loan, from 1819, that the making said deed "did not divest said Pierce of his possession or stop the "running of time against the right of said Davis, and in "favor of said Pierce, so that at the expiration of five "years from the time Pierce got the slave, the purchaser "from Pierce, the defendant in this case, is protected by "such lapse of time, to wit, five years."

*The possession of a slave may be held under a verbal loan for any time short of five years, yet if before that time expire, a deed be recorded declaring such loan, the statute of frauds will not operate.*

This instruction the Court refused to give, and, as we think, correctly.

Whether the deed was made by Davis the day he first loaned the slave to his daughter, or the day before five years thereafter expired, makes no difference. Whether made at the one period or the other it would be a compliance with the requisitions of our Statute of Frauds, and the continuance of the possession of the slave in Pierce, after the deed was recorded, to a period exceeding five years from the original loan, would not affect the validity of the deed or the interest of Mrs. Pierce and her children in slaves therein conveyed. It is upon the principle that the slave was the property of Davis when he made the deed, and that making the deed terminated the loan, and was equivalent to an actual resumption of the property and a recorded declaration of the trust condition of the slave. Such was the construction given to the statute by the Court of Appeals of Virginia in *Beasley* vs *Owens*, (3 *Hen. & Mun.* 449,) and this Court recogni-

TAYLOR'S EX'RS.   zed the same construction in *Ferguson* vs *White*, (1 *Mar-*
     *vs*          *shall*, 7.)
GIBBS &c.

Other objections are urged to the opinions of the Court
below, but as we are satisfied with the exposition of the
law in the whole case, and with the judgment, we deem
it unnecessary to advert to them.

Judgment affirmed.

*Hewitt* for appellant: *Cates & Lindsey* for appelle.