Dickman J.
Previous to the enactment of the statute of frauds of this state, a trust might be created in real estate *646 by parol, and established by parol evidence, and there is nothing in our statute which prevents the establishment of an express trust in lands by evidence of the same kind. By the 7th section of the English statute of frauds, it is required that all declarations or creations of trusts of lands, shall be manifested and proved by some writing signed by the party who is by law enabled to declare the trust. But this section and the 8th and 9th sections of that statute in relation to trusts, are omitted from our statute, and express trusts are allowed to be proved by parol evidence, as well as resulting trusts which arise by operation of law, and are.unaffected by the statute. Fleming v. Donahoe, 5 Ohio, 255; Broadrup v. Woodman, 27 Ohio St., 553; Mathews v. Leaman, 24 Ohio St., 615.
While the evidence should be clear, certain and conclusive in proof, not only of the existence of the express trust at the time of the conveyance, but also of its terms and conditions, the trust may be engrafted by parol evidence upo.n a conveyance of real estate absolute on its face. Miller v. Stokely, 5 Ohio St., 194; Stall v. Cincinnati, 16 Ohio St., 169. Nor is this rule contravened by the 4th section of our statute, which refers to the assigning or granting of legal interests; nor by the 5th section, which prevents the bringing of any action to charge any person upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them. And as said by the court, in Fleming v. Donahoe, supra, the creation of the trust in lands by parol is not to be considered as varying the terms of the deed, but only as setting up an independent contract consistent with it.
It is -claimed in behalf of the plaintiff in error, that William H. Plarvey and Henry A. Harvey were trustees for their respective wives, of one third each, of the interest in the mineral lands transferred by Henry Harvey to his three sons, on the 24th of November, 1874. Whether the grantees held the right and title in the lands as absolute owners, or in trust, we are not called upon to determine. The question arises, however, whether the court below erred in excluding *647 competent evidence of the existence of the trust. It is contended that the declarations of Henry Harvey, at the time of the transfer of his interest in the Wisconsin lands, were admissible in evidence, for the purpose of proving that such transfer was made to his sons as trustees, for the use and benefit of their respective wives. We are of opinion that such declarations were admissible for that purpose. Where there is a written, conveyance of an interest in real estate absolute on its face, and the existence of a trust is not manifested or proved by the writing itself, and yet may be established b}r parol testimony, the parol declarations of the grantor’s intention at the time of executing the instrument and thus forming part of the transaction, would seem to furnish parol evidence of a high order, of the creation of the trust. At common law, uses declared by parol at the time, in the presence of witnesses, might be effectually established. Perry on Trusts, § 75; 1 Sand, on Uses, 14, 218 (2 Am. ed.) Mr. Lewin, in his treatise on Trusts, says, that trusts, like uses, are of their own nature averable, i. e., may.be declared by word of mouth without writing; as, if before the statute of frauds an estate had been conveyed unto and to the use of A. and his heirs, a trust might have been raised by parol in favor of B. Under the 7th section of the English statute of frauds, trusts need not be created but are only required to be manifested and proved by writing. Steere v. Steere, 5 Johns. Ch., 1. And this mode of creation will be none the less permitted where the legislature has failed to adopt the provisions of that section. If, therefore, the creation of a trust may be by parol, both under the statute and independently of it, it is proper that the parol declarations whereby it is created should be contemporaneous with the conveyance upon which the trust is to be engrafted.
If subsequent and not contemporaneous, the door might be open to constant frauds upon the rights of property. Where the conveyance is absolute on its face, it would be unsafe, and contrary to reason and the rules of evidence, to permit a third person — a stranger to the instrument — to *648 use the parol admissions or declarations of the grantor, made long after the convej’ance, for the purpose of divesting the grantee of his rights bjqfastening a trust or incumbrance on the estate.
In Hubbell v. Hubbell, 22 Ohio St., 225, the court say: “Nor could the act or admission of William M. Hubbell, made after the transfer of all his estate in the premises to his wife, in any way affect the title of his assignee or of her heirs. In so holding, however, we do not deny that his subsequent declaration of the trust in writing (if a writing for that purpose be necesssaiy), would take the case out of the operation of the statute of frauds. But such declaration could not be used against his assignee to prove the existence of the trust.”
In Padgett v. Lawrence, 10 Paige, 170, the court .say: “ It is well settled that no declarations of a former owner of the property, made after he had parted with his interest therein, can be received in evidence to affect the legal or equitable title of the premises.” And in Thompson v. Herring, 27 Texas, 282, the court in language of a similar meaning say : “ It is perfectly well settled that the declarations of a party not in possession, after he has parted with his title, cannot be received for any purpose against his vendee. He cannot by his declarations or admissions affect or disparage the title of his vendee.” Indeed, these and other eases of like import recognize the principle, that the admissions or declarations must have been made while the party making them had some interest in the matter.
We are therefore of opinion, that, the court below erred, in excluding the evidence of E. H. Harvey, offered by the defendants to prove that he was present at the time his father signed the transfer to his sons, bearing date November 24, 1874; that he then heard conversation with his father in reference to the object of that transfer; and that the father then said, that such transfer was made in trust, for the use and benefit of the sons’ wives; and that the reason why he put the property in the names of the sons was in order to facilitate and make it more convenient for *649 the handling and care of it. But, in our judgment, the court did not err in rejecting evidence of declarations by the father as to his motive in transferring his .interest in the Wisconsin lands, made by him after the transfer, and after the issue of the stock in the Commonwealth Iron Company to the sons’ wives.
It is urged, however, that if the testimony rejected had been admitted, it would not have availed the plaintiffs in error, without the addition of more testimony not offered. If Henry Harvey’s sons held the Wisconsin mineral lands only in a fiduciary capacity, it will not be claimed that the issue of the stock to their wives was in fraud of the rights of their creditors. The trust proposed to be proved was therefore most material, and the contemporaneous declarations of Henry Harvey, which were offered in proof of it, could not be rejected without prejudice to the alleged beneficiaries.
It is also contended, that, if it was designed to create a trust in favor of the plaintiffs in error, it never took effect, because it never was accepted by the grantees of Henry Harvey. The office of an express trust may be accepted by implication as well as expressly. If the trustee assumes its duties and liabilities, the omission of words of acceptance will not take from him his fiduciary character. In general, any gift by deed, will, or otherwise, is supposed prima facie, unless the contrary appears, to be beneficial to the donee. Consequently the law presumes, until there is proof to the contrary, that every gift, whether in trust or not, is accepted by the person to whom it is expressed to be given. Goss v. Singleton, 2 Head, 67; Penny v. Davis, 3 B. Mon., 313 ; Wilt v. Franklin, 1 Binn., 502; Townson v. Tickell, 3 B. & Ald., 36 ; Eyrick v. Hetrick, 13 Pa. St., 494. This presumption will be especially fortified, if the trustee has proceeded to the execution of the trust, or has voluntarily interfered with the trust property. If upon reading to the person selected as trustee the instrument upon which the trust is engrafted, he does not object, that circumstance, and others which might be instanced, will serve as evidence more or *650 less conclusive, tending to prove the acceptance of the trust. Such acceptance may, indeed, be presumed from circumstances and from acts of the grantee at or subsequent to the time of the grant, without assuming in express words the obligations of a trustee.
The conveyance of his right and title in the mineral lands was made by Henry Harvey to his three sons jointly. The transfer was accepted by them, and if at that time there was a parol declaration of trust by the father, which was not objected to — and it is not claimed that there was any such objection — the grantees will be presumed to have received the subject of the grant, in connection with and as qualified by the accompanying declaration. Certain it is, that William H. Harvey and Plenry A. Plarvey afterwards proceeded to carry out what it is contended was the intention of their father. They acted in keeping with an acceptance of a trust for the use and benefit of their wives, and fully executed it by having the certificates of stock issued in the names of the cestuis que trust, and delivered to them in person.
An examination of the record discloses, in our view, no other error than that which we have hereinbefore considered. But by reason of that error the judgment of the district court must be reversed, and the cause remanded for further proceedings.

Judgment accordingly.