## Murphy, et al. v. Haynes.

(Decided January 26, 1923.)

### Appeal from Pulaski Circuit Court.

1. **Gifts—Requisites in General.**—A gift of personal property may be made by a declaration of the donor that he holds it in trust for the donee, or that some one to whom he delivers it shall so hold

it, and it is not necessary that such declaration should be. made in so many words, the conduct of the donor may amount to such a declaration; nor is it necessary for the purpose that the donor should use any technical words, it being required only that he employs language which shows unequivocally the intention on his part to create or declare the trust either in himself as trustee for the donee or in another for that purpose.

2. Trusts—Gifts of Personal Property.—Such a trust may be created by a deposit of money in bank where the evidence is sufficient to establish the trust according to the above rule.

3. Husband and Wife—Joint Deposit in Bank.—Husband and wife made a deposit in a bank under an agreement between both of them and the cashier that it should go to the surviving husband of the wife in whose name the deposit was made, and that it should not be checked against while they each lived without their joint consent. The account was endorsed at the time with the statement that it should go to the surviving husband at the death of the wife in whose name the account was made. Held, that the husband upon the wife's death was entitled to it as against one to whom the wife, shortly before her death, gave a check without the knowledge or consent of the husband.

E. T. WESLEY for appellants.

JOHN W. COLYER and WM. M. CATRON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The sole question in this case is who, as between appellant and defendant below, Nevada S. Murphy, and appellee and plaintiff below, F. M. Haynes, if either, is the one entitled to the benefit of a deposit account with appellant and defendant, First National Bank of Somerset, amounting to $580.00 and standing in the name of Ellen Haynes, wife of plaintiff, at the time she gave a check therefor on January 2, 1919, before her death on September 14th thereafter.

The deceased, Ellen Haynes, was the widow of Messer Black, who died many years ago owning a small farm in Pulaski county. Besides his widow he was survived by William Harrison Black, the only child of a former marriage, there being no children of the latter marriage. Mrs. Black occupied the farm without assignment of dower and about ten years before her death she married plaintiff, F. M. Haynes, both of whom were considerably advanced in years. Shortly after the marriage, plaintiff, at the solicitation and request of his wife, purchased the land from William Harrison Black at the price of $300.00, which he paid with his own means. Following

that, plaintiff and his wife sold the tract for $800.00, and there is evidence to show that notes for half that sum were executed to Mrs. Haynes under an agreement between her and her husband, though that fact is not positively proven. When that $400.00 was paid the interest thereon amounted to $68.00, making a total sum of $468.00, and on March 17, 1916, according to the undisputed proof, Haynes and wife both went to the defendant bank and deposited that sum with it and, according to plaintiff's testimony, which was not objected to, and that of the assistant cashier of the bank, it was then agreed between plaintiff and his wife that the account should run in the name of the wife, but to remain in the bank until the death of one of them and then go to the survivor, but it could be checked upon only by the joint consent of both. At the time of the deposit, which, as stated, was in the name of Ellen Haynes, the cashier entered on the bank books at the instance of both parties and at the heading of the account, these words: "To go to F. M. Haynes at her death." Plaintiff had a small amount of property and he also drew a pension from the Federal Government as a Federal soldier in the Civil War, and on May 6, 1916, he added to the account $32.00, and on February 11, 1918, he added $80.00, both of which latter deposits were his individual property from his pension money. On February 2, 1919, Mrs. Haynes issued a check for the entire $580.00 standing in her name, as stated, to defendant, Nevada S. Murphy, her niece, and who resided about half a mile distant from the Haynes home. The check was written by defendant's son at her instance, but as she claims at the suggestion of Mrs. Haynes. There was no consideration for it except an alleged promise by defendant to see that Mrs. Haynes was decently buried, and to look after her should she survive her husband and require necessities and attentions, all of which defendant, as stated by her without objection, promised and agreed to do. The bank declined to cash the check on its presentation the same day and its cashier wrote on the back thereof, "I hereby null the instruction given to the bank to pay my balance to F. M. Haynes at my death, this 3rd day of January, 1919." That endorsement, as well as the signature to the check, was witnessed by defendant's sister, but the bank again refused to pay it until the consent of F. M. Haynes was obtained, but it agreed to and did change the account from the name of Ellen Haynes to Nevada

S. Murphy with the understanding that it would not honor any checks against it without plaintiff's consent; in which condition the account stood at the time of the death of Mrs. Haynes. Plaintiff never consented to the change of the account or the payment of any of it to defendant, nor did he know that the check of his wife had been given to defendant, Murphy, until a few days before the former's death, when, according to his testimony, which was also not objected to, she denied having given the check.

This suit was filed by plaintiff against defendants to recover judgment for the amount of the account which the petition alleged belonged to plaintiff at the death of his wife, and that he had demanded payment by the bank which it refused, as well as making a like demand of the defendant, Murphy, with the same result. Plaintiff's interest in the account was denied by answer and an affirmative claim to it was made by defendant, Murphy, under the facts hereinbefore recited. Appropriate pleadings made the issue and upon trial before a jury there was a directed verdict for plaintiff followed by a judgment in his favor, which the court declined to set aside on a motion for a new trial resulting in this appeal.

The greater part of the briefs are taken up in a discussion of the question as to which one owned the money forming the original deposit of $468.00, but under our view of the law of the case that question is not material, although it is quite conclusively shown that if it belonged to the wife at the date it was made it was originally the property of the husband and her title, if any, was through a gift by him.

The doctrine of parol trusts, especially as relating to personal property, has a permanent and fixed place in the law, and such a trust will be created and enforced where the transaction falls short of the requisites to constitute a valid gift, i. e., it is unnecessary to the creation of such trust that a delivery of the property should be made to the beneficiary, while a delivery is necessary to constitute a valid gift; and like a gift, it is not necessary that the trust should be supported by a consideration, though the courts will not enforce a voluntary executory one.

A leading case from this court in which the doctrine was recognzied and applied is that of Williamson v. Yager, 91 Ky. 282, the facts of which are stated in the opinion and will not be repeated here. In that case the

principles hereinbefore stated relating to such trusts, and which are everywhere recognized, were approved in the opinion rendered by Judge Bennett, and in addition it is therein pointed out that the declarant or donor of the trust may constitute himself the trustee or he need not name a trustee, "but in order to do this, it is necessary for the donor to clearly and unequivocally declare that he henceforth holds the property as trustee for the donee. This declaration may be done by so many words, or by acts amounting to the same thing. When this trust is clearly created by the donor, equity will uphold it, and treat the gift as executed." It is further said in that opinion: "Therefore, in seeking to enforce the trust, the donee must show that the donor has left nothing undone that is necessary to create it; and if it appears that the donor has yet to make a conveyance to the donee, the trust will not be enforced, because not perfectly created; but if nothing is required of the court but to give effect to the trust as an executed trust, it will be carried into effect, although it was without consideration, and the possession of the property was not changed. This is upon the broad principle that in such matters a party may make himself trustee as well as a third person."

Succeeding cases from this court applying the same doctrine under varying facts but involving the same principle are: Roche v. George, 93 Ky. 609; Sherley v. v. Sherley, 97 Ky. 512; Krankell v. Krankell, 104 Ky. 745; Malone's Committee v. Lebus, 116 Ky. 975; Marshall's Admr. v. Marshall, 156 Ky. 20, and Graham's Admr. v. English, 160 Ky. 375. An examination of those cases will demonstrate that in some of them the facts supporting the declaration of the trust, which the court upheld, were not as convincing as they are in this case, and in some of them, particularly the Krankell case, the trust arose out of a deposit in bank accompanied with the requisite declaration.

The text in 39 Cyc. 67-70, inclusive, discusses the creation of such trusts by "deposit of money in bank," and it asserts and substantiates the principles announced in the domestic cases, *supra,* to which, as shown in the notes, the courts generally agree. Of course, it is therein stated, as was done in the opinion in the Yager case, that the proof to establish the trust should be clear and convincing and especially so with reference to deposits in bank.

The only question, therefore, is whether the facts in this case are sufficient to create the trust in favor of plaintiff in case he survived his wife. Upon that issue we have the testimony of plaintiff unobjected to; that of the cashier of the bank who received the deposit, and the testimony of both fortified by the entry made on the bank books at the head of the account contemporaneously with its beginning. There is no testimony to the contrary and we do not entertain the slightest doubt but that these two old people agreed between themselves that they would deposit that account in the bank as their joint trustee with the declared trust that it should go to the survivor, but reserving the right to consume it, or any portion of it, before the time provided for the taking effect of the trust with their joint consent. No such consent was ever given, and under the very terms of the deposit plaintiff was entitled to it upon the death of his wife. It is scarcely necessary to add that the authorities, *supra,* and all others agree that when the trust is legally created the donor or declarant can not revoke it without the consent of the *cestui qui trust.*

We, therefore, find no error in the judgment and it is accordingly affirmed.