## Schauberger v. Tafel, Executor, et al.

(Decided February 12, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Trusts—Parol Evidence Held Admissible to Explain Ownership of Stock Held in Trust.—Parol evidence is admissible to explain the intention of one taking building and loan association stock in his own name as trustee for another, and to show that he retained ownership thereof, and that taking the stock in such name was necessary in order to evade by-laws limiting amount of stock owned by one person.

2. Trusts—One May Constitute Himself Trustee Without Formal Delivery.—One can constitute himself trustee for another, and hold personal property for such other, under such circumstances that a formal delivery thereof is not essential to create the trust.

3. Trusts—Declaration may be Made by Parol or in Writing, Creating Irrevocable Trust.—A declaration may be made either by parol or in writing, creating a trust in personal property, and, if in writing, and clear and complete in itself, the trust is created and becomes irrevocable.

4. Trusts—Creation Depends on Intent of Donor.—The creation of a trust depends on the intent of the donor.

5. Trusts—Circumstances Attending Transaction and Declarations of Apparent Cestui Qui Trust Admissible as Part of Res Gestae to Show Intent.—Where one took stock of building and loan association in his own name as trustee for another, to determine whether or not a gift or trust was intended, circumstances attending the transaction and the subsequent use of the stock by the purchaser, as well as the declarations of the apparent cestui que trust, may be given in evidence as part of the res gestae to show intent.

6. Trusts—Proof of Intent to Create Trust in Corporate Stock.—Where a person purchases and pays for stock of a building and loan association, and has the certificate issued to himself as trustee for a third person, retaining the possession and control of the certificate himself, the certificate constitutes prima facie evidence of intention to create a trust, but this may be strengthened or rebutted by the surrounding circumstances, and the attendant as well as subsequent acts and declarations of the parties, and parol evidence is competent for this purpose.

L. D. GREENE and B. F. EWING for appellant.

JOSEPH J. HANCOCK for appellee.

Opinion of the Court by Judge McCandless—Affirming.

Jesse E. Schauberger, a single man, living with his parents, on the 17th day of August, 1912, applied to the Avery Building Association for the purchase of some additional stock in that company. At the time he owned and held in his own name fifty shares of its stock, which was the limit permitted by its by-laws to be held by any person in his own name. The secretary of the association informed him of this rule but suggested that he might take additional stock in his own name as trustee for some other person, or take it out in the name of some other person as his trustee. He answered that he did not like to do business in the name of another person and left. Later he returned and took out and paid for five additional shares and accepted the certificate in the name of "J. E. Schauberger, trustee for Mrs. H. G. C. Schauberger," the latter being his mother.

The certificate was delivered to and retained by him as long as he lived, during which time he collected the interest thereon and at times used the certificate as collateral security in borrowing money.

Subsequent to this he married and moved to Atlanta, Ga., where he died in November, 1916. He left no surviving children, but under the Georgia statute his widow inherited all of his personal property, and she filed suit against the administrator of his estate to procure this certificate, Mrs. H. G. C. Schauberger being made a party.

The secretary of the association testified as to the facts occurring at the time of the purchase and the widow of Jesse Schauberger testified as a witness as to a conversation between her husband and his mother in her presence in which Mrs. Schauberger spoke of this particular certificate as his (Jesse's) stock; she also testified as to conversations between herself and Mrs. Schauberger after her husband's death in which she said Mrs. Schauberger stated to her that "this paid up stock belonged to Jesse; that she had let him use her name for the reason, that at the time he had taken out the stock he had all the stock the Avery Building Association would allow him to carry in his own name;" she also states that Mrs. H. G. C. Schauberger never made any claim whatever to the stock in question.

Mrs. H. G. C. Schauberger is still alive and is a party to the action but has never testified. Mrs. Jesse Schau-

berger afterward married Arthur Tafel and later died, and this suit was revived in the name of her personal representative.

It is clear from the surrounding circumstances and facts that the stock was issued in the manner indicated, in order to evade the company's by-laws limiting the amount to be carried by a person in his own name; that Jesse Schauberger did not intend to part with the ownership of the stock and that it was always his intention and purpose to hold and control it as his own; and that his mother, with full knowledge of such intention, acquiesced in the use of her name for that purpose, without making any claim to the stock. So that the only question involved is whether parol evidence may be introduced to explain the intention of Jesse Schauberger in the matter.

Unquestionably one can constitute himself trustee for another, and may hold personal property for another under such circumstances that formal delivery thereof is not essential to create the trust. Further, a declaration may be made either by parol or in writing creating a trust, and if in writing, and clear and complete in itself the trust is created and becomes irrevocable. It will be observed, however, that the writing in this instance is not that of the donor but is merely an evidence of ownership of certain shares of stock. It is true that the certificate was issued to him as trustee for Mrs. H. G. C. Schauberger which in itself indicates that some trust relation exists, but it does not clearly import the character of the trust. Unquestionably, if in addition to having the certificate issued in this way Jesse Schauberger at the time of the issue of the certificate or thereafter had made any declaration showing that he intended it as an irrevocable trust such declaration could have been given in evidence in support thereof.

The creation of a trust depends upon the intent of the donor. In view of the development of savings bank deposits and purchase of stock in building and loan associations in which the amount to be issued in the name of any one person is limited, and the practice of such persons of taking out stock in the manner indicated in this action, we cannot see why the circumstances attending the transaction and the subsequent use of the stock by the purchaser, as well as the declarations of the apparent *cestui que trust* may not be given in evidence as part of the *res gestae* to show intent. Brabrook v. Boston Five

Cent Savings Bank, 104 Mass. 228; Clark v. Same, 108 Mass. 522; Castile v. Flint, 83 N. W. 796.

In the latter case a father took out twenty shares of building and loan stock in his own name, James Castile, and twenty shares in the name of James Castile, trustee of J. W. Castile. The latter was not informed of this until after the father's death. Reference is made to the evidence but it is not quoted; the court concurring in the finding of fact of the chancellor and concluding:

> "Concurring as we do in the findings of fact made by the trial court, that the trust was a nominal one, executory in character, intended to be consummated in the future, as a gift, the conclusion is inevitable that the writing itself is not sufficient to establish a trust."

A contrary view was adopted in the English cases and in the earlier New York cases and elsewhere. Souverbye v. Arden, 1 John Ch. 256; Martin v. Funk, 75 N. Y. 134; Willis v. Smith, 91 N. Y. 297; Mabie v. Burley, 95 N. Y. 259. But in the later case of Beaver v. Beaver, 117 N. Y. 421, it is said:

> "It may be justly said that a deposit in a savings bank by one person, of his own money to the credit of another is consistent with an intent on the part of the depositor to give the money to the other. But it does not, we think of itself, without more, authorize an affirmative finding that the deposit was made with that intent, when the deposit was to a new account unaccompanied by any declaration of intention and the depositor received at the time a pass book, the presentation and possession of which by the rules of the bank known to the depositor is made the evidence of the right to draw the deposit."

The court calls attention to many reasons for one to deposit his money in this way without intending to part with it, and continues:

> "In most cases where a deposit of this character is made as a gift there are contemporaneous facts or subsequent declarations by which the intention can be established independently of the form of deposit."

Later in Matter of Totten, 179 N. Y. 112, all of the authorities were reviewed and the later doctrine ampli-

fied, the court holding that a deposit in a savings bank in the name of the depositor in trust for a third person, *nothing else appearing,* was revocable during the life of the depositor, though if under such circumstances he did not revoke it, it would be upheld as a trust after his death.

We are of the opinion that where a person purchases and pays for stock of this character and has the certificate issued to himself as trustee for a third person, retaining the possession and control of the certificate himself, that the certificate constitutes *prima facie* evidence of intention to create a trust, but that this may be strengthened or rebutted by the surrounding circumstances, and the attendant as well as subsequent acts and declarations of the parties, and that parol evidence is competent for this purpose.

Such being the holding of the chancellor the judgment is affirmed.