## Brandenburg, et al. v. Botner, et al.

(Decided May 7, 1927.)

## Appeal from Lee Circuit Court.

1. Deeds.—Delivery of deed may be inferred, but not conclusively, from fact that it was recorded.

2. Deeds.—In suit to recover possession of, and quiet title to, leasehold, original petition, clearly alleging execution and recording of wife's separate deed of leased land, and amended petition, alleging that deed was presented by grantee to husband for signature, without advice or instructions from wife, held sufficient to show, prima facie, delivery thereof by wife and acceptance by grantee.

3. Husband and Wife.—Wife's deed of her property, held without delivery until signed and acknowledged by husband, becomes valid joint deed, when so signed and acknowledged by him and thereafter delivered and accepted by grantee.

4. Husband and Wife.—Grantee's receipt and recording of deed, signed and acknowledged only by wife, with intention on his and her part that conveyance should not be completed until husband signed and acknowledged it, was not such a delivery and acceptance as would constitute it a separate instrument.

5. Deeds.—A deed must be delivered before it becomes valid, and court should hold, as matter of law, that there was no deed, when facts show no delivery.

6. Deeds.—Acceptance is necessary to the validity of a deed.

7.   Deeds.—Question of delivery and acceptance of deed is one of mixed law and fact, but largely one of fact.

8.   Deeds.—Whether deed was delivered and accepted depends largely on intention of parties at time.

9.   Deeds.—That grantee recorded deed, signed and acknowledged only by wife, is only a circumstance showing that it was accepted by him as complete delivery, which may be refuted by evidence to contrary.

10.   Husband and Wife.—Under Ky. Stats., section 506, deed signed and acknowledged only by wife was void, if delivered and accepted as completed conveyance, and was not revived by husband's subsequent signature and acknowledgment thereof.

B. R. JOUETT, BLAKEY & BLAKEY, H. T. BEATTY and W. E. SETTLE for appellants.

ROSE & STAMPER and O'REAR, FOWLER & WALLACE for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On July 20, 1917, Liddy Richardson, the wife of Coleman Richardson, was the owner in fee simple of a 30-acre tract of land in Lee county. On that date she jointly with her husband executed an oil and gas lease covering said tract of land to one W. F. Moore. Thereafter, to wit, on December 11, 1918, a deed was prepared, showing on its face that Liddy Richardson and her husband, Coleman Richardson, were the parties of the first part, and George Botner and Fanny Botner were parties of the second part. The description of the land to be conveyed by this deed shows that it was the 30-acre tract covered by the lease executed to W. F. Moore. This paper bearing date December 11, 1918, intended as a deed from Liddy Richardson and her husband, Coleman Richardson, to the appellees George Botner and Fanny Botner, was signed and acknowledged by Liddy Richardson on December 11, 1918, and the deed was delivered to George Botner, who accepted same and caused it to be recorded in the office of the county court clerk in Lee county. The deed was placed on record on December 30, 1918, and at the time it was so placed on record it had been signed only by Liddy Richardson and she alone had acknowledged it. Her husband had not signed or acknowledged it at the time the deed was accepted by appellees and placed on record. The deed, as prepared, contains a provision that it is subject to an oil lease made by the grantors to W. F. Moore bearing date July 20, 1917.

On the 29th day of March, 1919, which was after the deed had been placed on record, it was withdrawn from the office of the county court clerk by George Botner, and he presented it to Coleman Richardson, the husband of Liddy Richardson, and the said husband then signed and acknowledged the deed. Liddy Richardson knew nothing of this. Botner then presented the deed to the county court clerk of Lee county and on July 24, 1919, it was again recorded in said office.

The assignee of W. F. Moore, the holder of the lease at the time the deed was signed and acknowledged by Liddy Richardson, some time thereafter canceled and surrendered the lease. After this lease was canceled the appellees Botners, appear to have assumed that the title to the oil and gas under the tract of land was vested in them, and on June 8, 1922, they executed and delivered to one of the appellees, Petroleum Exploration Company, an oil and gas lease covering the same. On February 16, 1924, Liddy Richardson, assuming that she was vested with the ownership of the oil and gas under said tract of land, with her husband executed an oil and gas lease covering same to Felix Sternburg and D. P. Brandenburg. On March 11, 1924, said Sternburg and Brandenburg transferred and conveyed a thirty-one thirty-second undivided interest in said oil and gas lease to J. Mott McDaniel. It appears that the lease turned out to be valuable, and the appellants D. P. Brandenburg, Felix Sternburg, and J. Mott McDaniel instituted this suit, seeking to recover the possession of the leasehold and damages for the oil taken therefrom, and asking that their title to the leasehold be quieted.

The contention of appellants is that the deed executed to George and Fanny Botner is void, and conferred no interest in the property on them, and that it vested them with no title. The basis of their attack on the deed is that it was not executed in accordance with the provisions of section 506, Ky. Stats., in that it is not a joint deed of the husband and wife, and that, it being a separate instrument executed by the husband and the wife at different times, it was necessary for the husband to first convey his interest. The original petition sets out with clearness the execution of the deed by Liddy Richardson and that it was then recorded in the office of the clerk of the Lee county court, but there is no sufficient allegation in the original petition of the delivery of the deed, al-

though such delivery may be inferred from the fact that it was recorded; but this is not conclusive. The amended petition is not as clear as it should be about the delivery of the deed executed by Liddy Richardson, but it does set out that the deed was presented to Coleman Richardson by George Botner without any advice or instructions from Liddy Richardson, and, taking the allegations of the original petition and the amended petition together, they are sufficient to show prima facie a delivery of the deed by Liddy Richardson and the acceptance thereof by George Botner, one of the grantees.

The whole case turns on the question of the delivery and acceptance of the deed as executed by Liddy Richardson. If she completed the conveyance by signing and acknowledging the deed, and then by delivery to Botner, and he accepted it as a completed deed, it was a separate instrument, but, if it was not delivered as a completed conveyance and was not accepted as a completed conveyance, then it was not a separate deed by the wife. The wife may sign and acknowledge a deed to her own property before it is signed and acknowledged by her husband, and, if it is held without delivery until the husband signs and acknowledges it, it becomes a valid joint deed when it is so signed and acknowledged by him and thereafter delivered and accepted by the grantee. Even though the deed may have been received by the grantee and placed to record, yet, if it was with the intention on his part and the part of the wife who had signed and acknowledged it that the conveyance should not be completed until the husband should sign and acknowledge it, it was not such a delivery and acceptance as would constitute it a separate instrument. This case is not distinguishable from the case of Simpson v. Smith, 142 Ky. 608, 134 S. W. 1166. The only difference between that case and this case is that the deed in that case was not signed and acknowledged by the husband until the expiration of about two years after it was signed and acknowledged by the wife. The deed in that case had been recorded before the husband signed it.

A deed must be delivered before it becomes a valid deed. Without a delivery there is no deed. 8 R. C. L. 973. There is no rule that will sustain an undelivered deed, and when the facts show there was no delivery, a court should hold, as a matter of law, that there was no deed. Acceptance is also necessary to the validity of a deed and the question of delivery and acceptance is one

of mixed law and fact.   It depends largely on the intention of the parties at the time.   If at the time Liddy Richardson signed and acknowledged this deed she delivered it to Botner with the understanding 'between them that it was to be signed by her husband before the title passed, it was not a complete delivery nor a complete acceptance by him.   The fact that he had it recorded is only a circumstance showing that it was accepted 'by him as a complete delivery, but that may 'be refuted by evidence to the contrary.   While the question of delivery and acceptance of a deed is one of mixed law and fact, it is largely a question of fact.   8 R. C. L. 976, thus states the rule:

> "There is no universal test, applicable to all cases, whereby the sufficiency of delivery can be determined, and it is impossible to state in exact terms what shall or shall not constitute a delivery; wherefore whether the facts relied on to establish a delivery in a particular case are sufficient for that purpose is often a difficult question.   Indeed, it has well been said that an arbitrary rule ought not to be laid down."

Further in the same section (page 977) we find this rule stated:

> "Thus subject to the rules as to the effect and cure of formal defects, a deed will not be regarded as delivered while anything remains to be done by the parties who propose to deliver it, as where it is delivered on condition that it shall not become effective until executed by all the grantors, and it is never so executed.   Nor can a deed be delivered and accepted partially for the purpose of conveying title to the grantee, and yet so as not to give effect to its conditions, recitals, and limitations."

In 8 R. C. L., section 48, p. 978, we find this further principle:

> "The intention of the parties is an essential element of delivery of a deed.   It has been called the essence of delivery, and not only is often the determinative factor among other facts and circumstances, but is the crucial test where constructive delivery is relied upon.   Categorically stated, the rule is that to the delivery of a deed it is essential that

there be a giving by the grantor and a receiving by the grantee, with a mutual intention to pass the title from the one to the other; or, conversely, that it is sufficient when the deed is executed, and the minds of the parties meet, expressly or tacitly, in the purpose to give it present effect.''

18 C. J. 197, thus states the principle governing a valid delivery of a deed:

''Anything which clearly manifests the intention of the grantor that his deed shall presently become operative and effectual, that he loses control over it, and that the grantee is to become possessed of the estate, constitutes a sufficient delivery. It is obvious that this rule rests upon the intention of the grantor, as manifested by the circumstances surrounding the transaction.''

In the case of Justice v. Peters, 168 Ky. 583, 182 S. W. 611, this court said:

''The delivery may be actual, or it may be a constructive delivery, but, in either state of case, the intent of the grantor to transfer the title to the grantee is essential and necessary to constitute a delivery. This intention to transfer the title must, however, be accompanied with some act of the grantor, by which he parts with power and control over the deed for the benefit of the grantee, for intention alone will not constitute a delivery.''

In the case of Ball v. Sandlin, 176 Ky. 537, 195 S. W. 1089, this court said:

''The mere placing of a deed in the hands of one of the grantees does not necessarily constitute a delivery, although a strong presumption of delivery may arise therefrom, as where the grantee receiving the deed retains it for several years, until his death, which presumption in such case is overcome by the fact that another deed to the land is delivered a few days after the delivery of the first deed.''

If Liddy Richardson delivered the deed to Botner and he accepted same within the meaning of the principles above set out, it was a completed transaction, and the deed became a separate instrument, and under the provisions of section 506, Ky. Stats., it was void, and the

signing and acknowledging of it later by the husband gave it no life. On the other hand, if it was not a delivery within the meaning of the above-announced principles, then the husband might sign it at any time before delivery was completed, and it would become a joint deed, and therefore valid. These are questions of fact.

The court erred in sustaining a demurrer to the petition, although the allegations relating to the delivery of the deed are barely sufficient from which a presumption could arise that the deed was actually delivered by Liddy Richardson. No other question is determined.

Judgment of the lower court is reversed, and cause remanded for proceedings consistent with this opinion.