## Hinton's Ex'r et al. v. Hinton's Committee et al.

(Decided Nov. 13, 1934.)

346

JNO. F. FORD, Jr., and SWINFORD & SWINFORD for appellants.

BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The propriety of the action of the court sustaining a demurrer to the answer of William A. Hinton, executor of the will of George W. Hinton et al., is the determinate question presented on this appeal.

F. C. Giles, as committee of Nora D. Hinton, filed this action in the Scott circuit court for a declaration of the rights of Nora D. Hinton to a tract of land described therein and of his obligations and rights as her committee in connection with this land.

The facts herein presented are substantially as follows: George W. Hinton, the father of Nora D., died the 12th day of October, 1931, leaving her as his only child. She was unmarried, over 50 years of age, and an incompetent.

On the 28th day of March, 1928, George W. Hinton, a widower, was the owner of 400 acres of land, located in Scott county, Ky. He was an old man, in bad health, residing alone with his feeble-minded daughter, Nora D. He decided to execute, acknowledge, and deliver a deed to William A. Hinton, a close relative, conveying to him, as trustee, the 400 acres. He conferred with William A., and informed him that he wanted to make the deed of trust. To accomplish this purpose, George W. Hinton went to Georgetown, Ky., caused the deed to be prepared, signed, acknowledged, and delivered to the clerk of the county court for recording. It contains a provision conferring authority on William A. to manage,

operate, and control the 400 acres; receive the income, pay the taxes, insurance, upkeep, maintenance, and operating expenses out of the rents, issues, and profits derived therefrom, with the power of general supervision over the land, and directions to pay the expenses of administering the trust and compensation for his services, and directed the net income to be used by the trustee for the joint benefit of himself and daughter, Nora D., during their lives, and, upon the death of either, the net income to be used for the benefit of the survivor during his or her life. The deed provides that, in the event of the death of himself and daughter, the fee-simple title shall pass to the heirs at law of George W. Hinton, "according to the law of descent in Kentucky, then in force and effect." The deed expressly authorized William A., as trustee, to sell the trust property and to encroach upon the corpus; also directed him to pay out of the trust estate "funeral expenses of both George W. and Nora D. Hinton." It contains this provision:

> "Upon the death of said William A. Hinton, or in the event of his resignation or surrender of said trust, his successor shall be appointed and qualified under bond by the Scott county court, as other fiduciaries are appointed and qualified by law."

Simultaneously with the execution and acknowledgment of the deed of trust, he executed and published a will. Its first clause reads:

> "I have this day conveyed all my real estate to William A. Hinton in trust upon terms of trust which will provide for myself and daughter during our lives and for the survivor during his or her life; I now ratify and confirm that deed."

The second clause devised to Nora D. Hinton, in fee simple, "all real estate and personal property," which he "may own, or have possession of," at the date of his death "after the payment of debts and funeral expenses."

The third clause nominated William A. Hinton as executor.

On the 8th day of May, 1928, or one month and eighteen days after the date of the trust deed, William A. Hinton executed and delivered to George W. Hinton a quitclaim deed, wherein it is recited that "William A. Hinton never accepted said trust and deed of trust was

never actually delivered to him''; ''he has declined, and now declines, to assume or to take the execution of said trust, and has refused, and now refuses, to undertake or assume any of the obligations or responsibilities thereof, and at the request of George W. Hinton he executed and delivered a quit claim deed,'' ''without prejudice to. the rights or interest of any other person, or persons, who has, or may have, acquired rights or interest by virtue of said deed of trust, in, or to, the property therein described, either as beneficiary of said trust or in the remainder after the termination of said trust; * * * but solely for the purpose of evidencing the refusal of said William A. Hinton to accept said trust and his refusal to assume or undertake the execution thereof or any responsibilities arising therefrom.''

On the 12th day of May Nora D. Hinton executed, acknowledged, and delivered to George W. Hinton a quitclaim deed to the 400 acres.

Giles, as committee of Nora D. Hinton, in his petition against the next of kin of George W. Hinton, set up these facts as a basis· of the claim of fee-simple title of Nora D. to the 400 acres.

The next of kin traversed the petition and affirmatively pleaded that George W. Hinton ''conferred with William A. Hinton and stated to him that he wanted to make this deed of trust with him and in the form in which it is made, and the said William A. Hinton agreed to accept the said trust, and carry out its provisons,'' and, pursuant to this arrangement, they started to Georgetown to have the deed prepared, and, after going together some distance, William A. ''was compelled to return,'' when George W. continued his journey, obtained legal advice as to the manner in which the deed was to be drafted, had the deed made ''in accordance with his statement and agreement made with him and William A. Hinton''; after it was prepared he signed and acknowledged it, carried it to the office of the clerk· of the Scott county court, and had it recorded; ''paid for the recording thereof and immediately thereafter made known to the defendant, William A. Hinton, what had transpired and sought the further agreement'' with him· ''that he would accept the trust and carry out the provisions thereof,'' which George W. believed would be done at the time he made the deed. It is distinctly alleged that William A. ''fully understood he was to

carry out the said trust and agreed to do so and was fully informed by the decedent that he had prepared the deed with the provisions as it now exists and knowing these facts, William A. agreed to act, and did so act, until the 8th day of May 1929,'' when, and at the request of George W., he executed, acknowledged, and delivered the quitclaim deed.

To this affirmative plea of their answer, the court sustained a demurrer. They elected to stand by their answer. The court adjudged Nora D. Hinton the owner in fee of the 400 acres; hence this appeal.

Giles insists that the affirmative allegations of the answer insufficiently state a defense. The next of kin contend that the facts therein are sufficient to show the creation of a trust, entitling them to the 400 acres after the termination of the trust created by the deed of date, March 20, 1928; and that they also show a delivery of the deed to, and the acceptance of it and the trust thereby created by, William A. Hinton.

It is agreed in the briefs that ''the only real question that is involved on this appeal is whether there was sufficient delivery and acceptance of the trust deed to make it binding and effective.'' They ''agree that if the trust deed had been delivered and accepted, no action taken afterwards by the trustee could have divested the parties of their interest, which would have become theirs after the delivery and acceptance of the deed.''

To sustain his position, Giles cites to us Alexander, etc., v. De Kermel, etc., 81 Ky. 345; Ward v. Rittenhouse Coal Co., 152 Ky. 228, 153 S. W. 217; Simpson v. Yocum, 172 Ky. 449, 189 S. W. 439; Beard v. Griggs, 1. J. J. Marsh. 22; Sullivan v. Bland, 215 Ky. 57, 284 S. W. 410.

The next of kin, to sustain their argument, rely upon Underhill v. United States Trust Co., 227 Ky. 444, 13 S. W. (2d) 502; Shoptaw, etc., v. Ridgway's Adm'r, etc., 60 S. W. 723, 22 Ky. Law Rep. 1497; Sasseen v. Farmer, 179 Ky. 635, 201 S. W. 39; and cases cited therein; Pennington v. Lawson, 65 S. W. 120, 23 Ky. Law Rep. 1340; Justice v. Peters, 168 Ky. 587, 182 S. W. 611; Hacker v. Hoover, 66 S. W. 382, 23 Ky. Law Rep. 1848; Lay v. Lay, 66 S. W. 371, 23 Ky. Law Rep. 1817.

The argument is made that the demurrer was properly sustained to the answer because its allegations are

merely the conclusions of the pleader. To support this argument, Giles cites Taylor v. Shields, 183 Ky. 669, 210 S. W. 168, 3 A. L. R. 1619; Crider v. Sutherland, 186 Ky. 7, 216 S. W. 57; Collins v. Parrent, 187 Ky. 592, 219 S. W. 1072; Wells v. Sheets, 213 Ky. 438, 281 S. W. 159; Stair v. Gilbert, 209 Ky. 243, 272 S. W. 732.

Before considering the decisive question to be determined, it is proper to remark that the facts stated in the answer take its allegations out of the accepted rule that a pleading containing no more than the conclusions of the pleader is bad when tested by a demurrer.

Adverting to the question of the delivery of the trust deed, the general rule, seemingly without exception, is, where the subject of the trust be a legal interest in property and capable of legal transfer, the trust is not perfectly created, unless the legal interest be actually vested in the trustee. Adams v. Adams, 21 Wall. 185, 22 L. Ed. 504; Chicago, M. & St. P. R. Co. v. Des Moines Union R. Co., 254 U. S. 196, 41 S. Ct. 81, 65 L. Ed. 219. And, where the subject of the trust is real property, title thereto can only be vested by a deed of conveyance which must be delivered by the trustor and accepted by the trustee. It is certainly settled that a delivery of a deed is as indispensably requisite to its validity as are the signing and acknowledging it. Without the act of delivery on the part of George D. Hinton, his signing and acknowledging and recording the same were impotent to impart validity to it as a solemn instrument of title. The delivery to the clerk for recording of itself was not a delivery, but only merely affirmative evidence of it, not conclusive. Sasseen v. Farmer et al., 179 Ky. 632, 201 S. W. 39; Chess v. Chess, 1 Pen. & W. (Pa.) 32, 21 Am. Dec. 350; Bullitt v. Taylor, 34 Miss. 708, 69 Am. Dec. 412; Brown v. Westerfield, 47 Neb. 399, 66 N. W. 439, 53 Am. St. Rep. 532.

It was not essential to the validity of the deed that it be delivered in person or actually by the trustor to the trustee. If George W. Hinton, in accordance with an agreement between him and William A. Hinton, without reserving any control over the deed, delivered it to the county clerk, unconditionally, for the use of the grantee, in accordance with the latter's previous consent to accept the deed and act as trustee, and with the former's intent that it shall take effect immediately, such delivery was sufficient, and the title to the prop-

erty passed to William A. Hinton, as trustee. Brown v. Westerfield, supra. In 26 R. C. L. sec. 29, p. 1192, it is stated:

> "To establish a trust in real property where the trustee is a third party a deed of the land to the trustee must be executed and delivered to the trustee so as to pass title to him [Loring v. Hildreth, 170 Mass. 328 (49 N. E. 652, 40 L. R. A. 127, 64 Am. St. Rep. 301); Chilvers v. Race, 196 Ill. 71 (63 N. E. 701)]. Where the grantee in a deed of trust agrees to accept the trust, and the deed is put on record pursuant to the directions of the grantor, the delivery is sufficient. [Steele v. Lowry, 4 Ohio, 72, 19 Am. Dec. 581]."

"It must be remembered that the law presumes much more in favor of the delivery of deeds in cases of voluntary settlements, * * * than it does in ordinary cases of bargain and sale. The same degree of formality is never required on account of the great degree of confidence which the parties are presumed to have in each other." Chilvers v. Race, supra; Union Mutual Life Ins. Co. v. Campbell, 95 Ill. 267, 35 Am. Rep. 166.

In Steel v. Lowry, 4 Ohio, 72, 19 Am. Dec. 581, the court said:

> "It is said, that delivery is either actual, by doing something and saying nothing, or verbally, by saying something and doing nothing; or it may be, by both. So a deed may be delivered by him who makes it, or by any person of his appointment or authority precedent, or assent, or agreement subsequent. * * * A deed delivered in trust, for the grantee, is sufficient. [Wheelwright v. Wheelwright] 2 Mass. 447 [3 Am. Dec. 66]. If a deed is read and not formally delivered, but left in the same place, this is a delivery in law. [Shelton's Case] Crok. Eliz. 6, Co. Lit. 360 [36, a]. Here the grantee had consented to accept the trust, and the grantor with the knowledge, consent, and approbation of her intended husband, executed the deed, and directed it to be recorded and delivered. The testimony leaves no doubt of the delivery according to the strictest formalities of the common law. [Souverbye v. Arden] 1 Johns. Ch. [N. Y.] 240."

If the trust deed was placed on record at the direction of George W. Hinton, in accordance with a prece-

dent agreement of William A. Hinton to accept the office of trustee, with the intention on the former's part that it shall pass the title in trust to William A. Hinton, it constituted a good delivery, as his act in so doing is regarded as having been done as William A. Hinton's agent. Cooper v. Jackson, 4 Wis. 537. This is in harmony with the prevailing principle of law of deeds that delivery is a question of intention. See Gordon ·v. Trimmier, 91 Ga. 472, 18 S. E. 404; Moore v. Giles, 49 Conn. 570; Levy v. Cox, 22 Fla. 546; Elsberry v. Boykin, 65 Ala. 336; Sheffield, etc., Coal Co. v. Neill, 87 Ala. 158, 6 So. 1; Swiney v. Swiney, 14 Lea (Tenn.) 316; Parrott v. Baker, 82 Ga. 364, 9 S. E. 1068; Lady Superior v. McNamara, 3 Barb. Cr. (N. Y.) 375, 49 Am. Dec. 184; Compton v. White, 86 Mich. 33, 48 N. W. 635; Lee v. Fletcher, 46 Minn. 49, 48 N. W. 456, 12 L. R. A. 171.

It was not essential to a delivery sufficient to pass title to William A. that he receive or have the physical possession of the deed. Shoptaw v. Ridgway's Adm'r, 60 S. W. 723, 22 Ky. Law Rep. 1495; Bunnell v. Bunnell, 111 Ky. 566, 64 S. W. 420, 65 S. W. 607; Interstate Investment Co. v. Bailey, 93 S. W. 578, 29 Ky. Law Rep. 468. The courts agree that any acts or words which clearly manifest an intention on the part of the grantor to consummate and complete his deed and to part absolutely and unconditionally with it, and with all control over it, are sufficient to give legal existence to it as a deed and to constitute a sufficient delivery from which an acceptance may be implied. See annotation to Brown v. Westerfield, supra; Adams v. Adams, 21 Wall. 185, 195, 22 L. Ed. 504.

In Shelton's Case, supra, a deed was sealed in the presence of the grantee and others, and was read, but not delivered, and left behind in the same place; yet in the opinion of all of the justices it was a good grant; for the parties came together for that purpose and performed all that was requisite to perfect delivery, but, being left behind without an actual delivery, and not countermanded, it was held to be a delivery in law.

In Adams v. Adams, supra, the court, quoting from. Souverbye v. Arden, supra, said:

"In the ancient authorities, and at a time when the execution of deeds was subjected to great formality and strictness, it was admitted that if A. execute ·a

deed to B., and deliver it to C., though he does not say to the use of B., yet it is a good delivery to B., if he accepts of it, and it shall be intended that C. took the deed for him as his servant. * * * A voluntary settlement, fairly made, is always binding in equity upon the grantor, unless there be clear and decisive proof that he never parted, nor intended to part, with the possession of the deed; and even if he retains it, the weight of authority is decidedly in favor of its validity, unless there be other circumstances beside the mere fact of his retaining it, to show it was not intended to be absolute. This will appear from an examination of a few of the strongest cases on each side of the question.''

See Neves v. Scott, 9 How. 196, 13 L. Ed. 102; Id., 13 How. 271, 14 L. Ed. 140.

In Cloud v. Calhoun et al., 10 Rich. Eq. (S. C.) 358, it is written:

"Parting with the possession of the deed by the grantor at the time of its execution, not as an escrow, even for the purpose of recording, as in this case to the witness Brown, is in itself delivery. Dawson v. Dawson, Rice, Eq. [S. C.] 244; Folk v. Varn, 9 Rich, Eq. [S. C.] 306; Ingram v. Porter, 4 McCord [S. C.] 198; Brooks v. Bobo, 4 Strob. L. [S. C.] 40.''

However, if the trust deed was placed on record at the direction or request of Goerge W. Hinton, without the prior consent of William A. Hinton, the designated trustee, to accept the deed, then there was no delivery, for there is no ground for holding the county clerk to be William A. Hinton's agent to accept the deed. Bell v. Farmers' Bank of Kentucky, 11 Bush, 34, 21 Am. Rep. 205. This is in accordance with the generally accepted rule that the title to a valid trust cannot be vested by deed in a trustee without his consent to act as such (Penny v. Davis, 3 B. Mon. 313), which is an equivalent of the familiar rule that the minds of the parties, as in the making of every contract, must meet as to both the delivery and the acceptance of a trust deed.

The rule that "it is essential to the validity of a deed as an executed contract that it should be delivered by the grantor and also accepted by the grantee" (Ward et al. v. Rittenhouse Coal Co., 152 Ky. 228, 153

S. W. 217; Hardin v. Kazee, 238 Ky. 526, 38 S. W. (2d) 438) applies to a trust deed. In every case the delivery and acceptance of a deed is mixed law and fact, but largely fact, question. Brandenburg v. Botner, 221 Ky. 7, 297 S. W. 702. The acceptance of a deed, like that of its delivery, is a matter of intention, and must be determined from the acts and the words, or both, of the grantee in relation thereto. Ward, et al. v. Rittenhouse Coal Co., supra. Both the acts of delivery and acceptance are to be determined by the same principles. No particular form or actual words of acceptance are necessary. It is not essential to pass title that the acceptance of the deed occur at the time of its execution or that there be a physical acceptance. Sullivan v. Sullivan, 179 Ky. 686, 201 S. W. 24.

The principles herein set forth as they apply to this case may be stated in this form: If George W. Hinton, before, at the time of, or after, the execution and recording of the deed of trust, by acts, or words, or both, expressed his intention to execute and deliver it to William A. Hinton, with the expectation of the latter carrying out its provisions, and William A. either before or after its execution and recordation, by acts, or words, or both, assented to accept the trust deed and perform the obligations therein imposed upon him, there was in law both a delivery and an acceptance of the trust deed, within the meaning of these terms as they are generally used in such cases.

It follows that it is our opinion that, if George W. so delivered the trust deed and William A., in the manner indicated, accepted it, the trust was thereby legally created, and thereafter they could not revoke it without the consent of all of the cestuis (Murphy v. Haynes, 197 Ky. 444, 247 S. W. 362; Underhill v. United States Trust Co., 227 Ky. 444, 13 S. W. (2d) 502; Hill v. Cornwall & Bro.'s Assignee, 95 Ky. 512, 26 S. W. 540, 16 Ky. Law Rep. 97; Elliott v. City of Louisville, 123 Ky. 278, 90 S. W. 990, 28 Ky. Law Rep. 967; Schauberger v. Tafel, 202 Ky. 9, 258 S. W. 953), in the absence of the power of revocation retained in the deed (Burton v. Burton's Trustee, 198 Ky. 429, 248 S. W. 1031; Siter v. Hall, 220 Ky. 43, 294 S. W. 767).

The deed of trust, if delivered and accepted as outlined above, created an irrevocable trust (Lee v. Belknap, 163 Ky. 418, 173 S. W. 1129; Beard v. Beard, 173

Ky. 131, 190 S. W. 703, Ann. Cas. 1918C, 832), and therefore William A. Hinton's quitclaim deed was ineffectual. And Nora D. Hinton, being mentally incompetent, was incapable of binding herself by a quitclaim deed.

A construction of the will of George W. Hinton is not involved, and for this reason we express no opinion concerning it. The court improperly sustained the demurrer to the answer.

Wherefore the judgment is reversed for proceedings consistent with this opinion.

The whole court sitting.