**Howard CARTER, Appellant,**

**v.**

**Lelia SPURLOCK et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 7, 1955.

**Lief DESKINS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1955.

John S. Deering, Nicholasville, for appellant.

William H. Mackey, William B. Buford, Nicholasville, for appellees.

CLAY, Commissioner.

This suit was brought by appellees to set aside a deed and to have the appellant grantee declared a trustee. The court adjudged that the appellant convey a one-third undivided interest in the land to each of the appellees and that he account to them as trustee.

The judgment was entered on November 17, 1953, and no appeal was taken. On June 29, 1954, appellant filed a motion for a new trial on the ground of newly discovered evidence. Apparently this motion was made under CR 60.02, and it was overruled.

About three years prior to his death, the father of appellant and appellees conveyed to the former a forty acre farm. On the day this deed was executed appellant entered into a written contract with his father whereby appellant agreed, upon his father's death, to make a settlement with his two sisters, the appellees, appellant to be repaid any expenses incurred with respect to the property conveyed. There was evidence that about a year after the execution of the agreement the grantor destroyed the original writing and expressed an intention to revoke it. Other evidence justified the Chancellor in finding that an irrevocable trust had been created and that appellant should be required to reconvey a one-third undivided interest to each of his two sisters and to render an accounting.

The only question presented is whether or not on appellant's motion for a new trial he made a sufficient showing to justify setting aside the original judgment. The alleged newly discovered evidence consisted of the testimony of the attorney who had drawn the deed and the contract to the effect that the grantor had come into his office a year later, expressed the intention of revoking the agreement, and had crossed out the signatures thereto on the attorney's copy. The other newly discovered evidence was the testimony of two doctors who

would state that the grantor was mentally competent when he executed the deed and the agreement, which was an issue in the controversy.

Appellant failed to show the exercise of due diligence to discover this evidence. Of more significance, however, is the fact that this new evidence was not of such character as would make reasonably certain a different judgment. See Durbin v. Nally, Ballard, and Saltsman, Inc., Ky., 279 S.W.2d 18. The attempted revocation of the agreement which created a trust, about which the attorney would testify, was ineffective without the consent of the appellee beneficiaries. Hinton's Ex'r v. Hinton's Committee, 256 Ky. 345, 76 S.W. 2d 8. The new proof of the grantor's competency could avail appellant nothing because it would only fortify the conclusion that the grantor was bound by the trust agreement which the judgment enforced.

The Chancellor properly overruled the motion for a new trial.

The judgment is affirmed.