## Ball v. Sandlin, et al.

(Decided June 22, 1917.)

### Appeal from Clay Circuit Court.

1. Pleading—Verification.—Where an amended answer presents a new and distinct defense, it should be verified as required by section 116 of the Civil Code of Practice; but the failure of the trial court to require a verification of the amended answer in this case was not a prejudicial error.

2. Escrows—Escrow Defined.—An escrow is a writing delivered to a third person to hold until the happening of some event, as, until it is signed by another party, a consideration paid, or a suit is dismissed; and, until the event happens or the condition is performed, the writing can have no effect.

3. Deeds—Delivery.—The mere placing of a deed in the hands of one of the grantees does not necessarily constitute a delivery, although a strong presumption of delivery may arise therefrom.

4. Deeds—Delivery.—The question of the delivery of a deed is generally one of intention of the party, and there must be some act or declaration from which an intention to deliver may be inferred; and, they must be of such a character as to deprive the grantor of the possession and control of the instrument.

5. Escrows—Delivery of Deed in Escrow.—The general rule that a delivery of a deed to a grantee therein, in escrow, will operate as a delivery of the deed for all purposes, cannot be extended -so as to make a mere handing of the deed to the grantee a delivery, where the circumstances show no delivery was intended, and where the intention is merely that the grantee shall hold the deed for the grantor.

A. D. HALL for appellant.

DAVID Y. LYTTLE, LYTTLE & LYTTLE and D. H. RAWLINGS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On May 26, 1914, the appellant, G. W. Ball, instituted this action against his sisters, Martha E. Sandlin, Sara J. Grubb, Ollie C. Hensley, and Hense Grubb, as grantee of plaintiff's brother, William Ball, seeking a division of 150 acres of land on Sexton's creek, which G. W. Ball claimed to own jointly with the defendants.

Appellant asserted that he and the defendants obtained title to the land in question by virtue of a deed conceded to have been executed by their father, Jarious Ball, on October 3, 1913, and delivered by him to his daughter, Sara J. Grubb, one of the grantees, but never recorded.

The answer traversed the allegations of the petition, and affirmatively stated that Jarious Ball delivered the deed to his daughter, Sara J. Grubb, to be held by her *in escrow* until the grantees should make an equitable division of the land; that the grantees never made such a division, and that Jarious Ball recalled the deed in April, 1914, and made separate deeds to each of his children for separate tracts of the land in question.

An amended answer withdrew the statement that the deed had been delivered to Sara J. Grubb *in escrow,* which statement it was alleged was made by mistake, and alleged that the deed had been delivered to Sara J. Grubb for safe-keeping for Jarious Ball.

The plaintiff moved the court to require the defendants to verify the amended answer, as provided by section 116 of the Civil Code of Practice, but the court overruled the motion.

Upon proof taken, the court dismissed the petition, and G. W. Ball appeals.

1. It is first insisted that the failure of the court to sustain the plaintiff's motion to require the defendants to verify the amended answer should have been sustained, since section 116 of the code requires that every written pleading of this character must be verified by an affidavit to the effect that the affiant believes the statements of the pleading are true. But, section 139 of the code further provides that courts may, in their discretion, permit amendments to be made without being verified, unless a new and distinct cause of action or defense is thereby introduced.

The original answer stated that the deed had been delivered *in escrow* to one of the grantees for the benefit of all of them, which it is contended was, in legal effect, an actual delivery of the deed. But, if the deed was delivered to Sara J. Ball by her father for the purpose of having it safely kept for him, it was no delivery at all, within the meaning of the law. This was a new and distinct defense, and the circuit court should have required the defendants to verify the amended answer. But its failure to do so was not a prejudicial error. Since proof

was taken and the cause was tried upon the issues presented by both answers, no one was prejudiced by the ruling of the court, in this respect.

If the judgment should be reversed for this error, the amended answer, no doubt, would be verified, and the case retried upon the same issue. It is not contended that appellant was misled, or that he could bring forward any additional proof, or that he has been substantially prejudiced, in any way; it is only contended that the court made a technical error in not requiring the defendants to verify their answer, after it had been filed, without objection.

2. Sara J. Grubb and her father, Jarious Ball, agree as to what passed between them in connection with the deed; and no one contradicts them. She says her father put the deed in her hands to take care of and hold for him until the land was divided and everything settled; that he said he intended to hold the reins of this business, and for her to hold the deed until he should call for it; that he called for it in April, 1914, and she delivered it to him; that he subsequently made separate deeds to each of his children for portions of this land; and that each child, including the appellant, G. W. Ball, paid the expense of drawing his or her deed; that all of them took possession of the land under the separate deeds, and had continuously so held the land, in severalty, ever since.

Jarious Ball not only corroborates his daughter, Sara, but distinctly says he lodged the deed with her to keep for him because the lock of his table was broken and he had no place to safely keep it; that he never intended to deliver the deed until the children should agree upon a division of the land; and, as they never did so agree, he finally destroyed the first deed and made separate deeds to them.

Counsel for appellant argues the case upon the theory that the deed was delivered *in escrow,* and refers to the well-known line of authorities holding that a deed absolute on its face cannot be delivered to a grantee therein named to be by him held *in escrow,* but that such a delivery will operate as an absolute delivery and free from all parol conditions, and that title will vest at once. 1 Devlin on Deeds 315; 13 Cyc. 363; Vaughan v. Vaughan, 161 Ky. 401.

An *escrow,* however, is a writing delivered to a third person to hold until the happening of some event, as, until it is signed by another party, a consideration paid,

or a suit is dismissed; and until the event happens or the condition be performed, the writing can have no effect.

The deed in this case, however, was not so delivered to Mrs. Grubb. The mere placing of a deed in the hands of one of the grantees does not necessarily constitute a a delivery, although a strong presumption of delivery may arise therefrom, as where the grantee receiving the deed retains it for several years, until his death, which presumption in such case is overcome by the fact that another deed to the land is delivered a few days after the delivery of the first deed. 8 Rul. Cas. Law 983; Hild v. Hild, 129 Iowa 649, 113 A. S. R. 500.

In 8 Rul. Cas. Law 984, it is further stated:

"But the rule cannot be extended so as to make a mere handing to the grantee a delivery, where the circumstances show no delivery is intended, as where the intention is merely that the grantee shall examine a deed or transmit it to a third person for a particular purpose, or where a deed on its face is not complete but requires some further act to be done in order to consummate it, or where the deed is placed in the hands of a grantee with the understanding that it shall be returned to the grantor if he should call for it, but if he should not, it is to be placed on record on his death, the delivery in such case being incomplete." See also Wilson v. Wilson, 158 Ills. 567, 49 A. S. R. 176; Phelps v. Pratt, 225 Ills. 85, 9 L. R. A. (N. S.) 945 and note; 13 Cyc. 563; Wipfler v. Wipfler, 153 Mich. 18, 16 L. R. A. (N. S.) 941 and note.

The rule is laid down with precision in the late case of Dunbar v. Meadows, 165 Ky. 277, as follows:

"It is essential to the validity of a deed that there be a delivery. The question of delivery is generally one of intention of the parties, and there must be some act or declaration from which an intention to deliver may be inferred, and they must be of such a character as to deprive the grantor of the possession and control of the instrument. It does not follow that there has been a delivery of the deed from the fact that at some time it may have been in the possession of the grantee, for at such times it may have come into the hands of the grantee without any intention on the part of the grantor to make a delivery. 13 Cyc. 560-563."

Under this rule there can be no doubt that Jarious Ball never intended to deliver the deed; on the contrary,

he merely lodged it with his daughter Sara for safe-keeping until he should call for it, which he finally did. The deed, therefore, never became effective, and no one of the grantees acquired any rights thereunder.

Moreover, the appellant not only accepted a subsequent deed from his father conveying to him a one-fifth portion of the land in question, but he paid the expense of drawing the deed. Furthermore, appellant rented from Sara J. Grubb a portion of the land which had been conveyed to her by a separate deed, and paid her rent therefor.

Judgment affirmed.