## Sullivan v. Bland, et al.

(Decided June 8, 1926.)

## Appeal from Hardin Circuit Court.

1. Deeds—Deed, to be Effective, Must be Delivered to Grantee, and Accepted by Him with Intention of Passing Title.—Deed, to be effective and pass title, must be signed by grantor, acknowledged and delivered to grantee, and accepted by grantee, with intention of passing title, and mere intention to deliver without actual or symbolic delivery does not pass title.

2. Deeds—That Deed is of Record is Prima Facie Evidence of its Delivery, but Burden May be Shifted to One Claiming Thereunder to Prove Actual Delivery by Showing that it was Not in Fact Delivered.—Though fact that deed is of record is prima facie evidence of delivery, burden may be shifted to one claiming under deed to prove it was actually delivered, when it is shown that it was not in fact delivered.

3. Deeds—Infant grantee is presumed to have accepted conveyance under deed advantageous to him.

4. Trusts—Deed of Trust, Conveying Wife's Property to Trustee for Joint Benefit of Husband and Wife, Title to Vest in Survivor in Fee, Held Not to Vest Title in Trustee in Absence of Delivery, and Land did Not Pass to Husband on Wife's Death.—Where deed of trust whereby wife conveyed her property to trustee for joint benefit of husband and wife for their joint lives, title to vest in survivor in fee, was not delivered to trustee. who did not know thereof until long after wife's death and recording thereof, held, that no title passed to trustee. and deed was ineffectual to vest title in husband through trustee.

5. Life Estates—Life tenant must pay taxes, make repairs and do all things necessary to preservation of estate in remainder.

6. Adverse Possession—Husband's Occupancy of Deceased Wife's Land, in Which he had One-third Life Interest, Held Not to put Actual Owners on Notice that he was Holding Adversely to Them; Presumption Being that he Occupied According to His Title.—Husband's occupancy of deceased wife's land, in one-third of which he had life interest, held not to put actual owners on notice that he was holding adversely to them; presumption being that he held according to his title and right, and not contrary thereto.

7. Tenancy in Common—One Joint Tenant Cannot Acquire Whole Title by Adverse Possession, Unless he Brings Knowledge to Cotenant of his Exclusive Claim of Title, or Does Acts Putting Cotenant on Notice.—One joint tenant cannot claim adversely to his cotenant and thus acquire exclusive title, unless he brings knowledge to cotenant of his exclusive claim of title, or does such acts as are reasonably calculated to put cotenant on notice that occupying tenant is holding adversely, and claiming title to whole tract.

8.   Limitation of Actions—Statutes of limitation did not run against
     married women, whose disability was never removed before action
     was brought.

F. W. WHEELER for appellant.

J. E. WISE for appelleees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

When sued by appellees in ejectment to recover a
tract of 32 acres of land in Hardin county and $500.00
damages for the wrongful withholding thereof, rents,
etc., appellant, Sullivan, answered and denied the claim
of appellees to the land, and affimatively pleaded that on
June 1, 1892, he and his then wife, Margaret Sullivan,
who was the owner in fee simple of the tract of land de-
scribed in the petition, entered into an agreement
whereby the husband was to make certain improvements
on her land and that the survivor should have both the
land and the improvements in fee, and with this object
in view executed a deed to Josiah Phillips, trustee, for
the joint use and benefit of Margaret and Robert M.
Sullivan during their joint lives, with the provision,'that
if said Margaret Sullivan shall survive Robert M. Sulli-
van, then to belong solely to her, her heirs and assigns
forever, in fee simple; if said Robert M. Sullivan shall
survive said Margaret Sullivan, then to belong to him,
his heirs and assigns forever, in fee simple, but he in
that event to pay the oldest daughter of Belle T. Kinkead
$50.00, and to the oldest daughter of Sarah E. Bland,
$50.00;" and appellant, Robert M. Sullivan, relied upon
the deed made to Phillips, trustee, and the further fact
that Margaret Sullivan, his wife, had died in 1895,
immediately following the execution of the deed, as
vesting in him absolute fee simple title to the property,
it being averred that immediately after the death of his
wife he paid to the statutory guardian of the oldest
daughter of appellee, Bland, and to the statutory
guardian of the oldest daughter of appellee, Kinkead,
$50.00 each, as required and specified in the deed to be
paid to them, taking receipts therefor. He also pleaded
the actual, open, notorious, adverse possession of the
tract of land for more than the statutory period, in fact
from the death of his wife in 1895, as a bar to any
cause of action which appellees may have had against
him originally for the lands. Several other defenses
were presented by other paragraphs of the answer. A

reply put in issue the material averments of the answer and affirmatively pleaded that appellee, Sarah E. Bland, and Belle Kinkead "are now and were at the time of the death of said Margaret Sullivan, the sisters and only heirs at law of said Margaret Sullivan, and acquired title to the land set out and described in the petition by inheritance from her," that they were at the time of the death of their sister, Margaret Sullivan, are now and have been continuously from the time of her death up to the time of the filing of the answer, married women, living with their husbands; that the statute of limitations did not for that reason run against them and that appellant did not and could not acquire title by adverse possession against them.

The parties filed a stipulation of fact showing that appellant, Robert M. Sullivan, and Margaret Sullivan, now deceased, were lawfully married in Hardin county on September 19th, 1888; that she became the owner of the fee simple title to the land described in the petition on January 31, 1893; that they had no children, and that Margaret Sullivan died on the 11th day of August, 1895; that appellees were sisters and only heirs at law of Margaret Sullivan; that the appellant paid the guardians (being their respective fathers) of the daughters of each of appellees, the $50.00 mentioned in the deed; that appellees were married women at the time of the death of Margaret Sullivan, and at all times since, living and residing with their husbands; that Robert Sullivan "is not now and has not been since 1919, living on the lands described in the petition but is now the owner of another tract of land situated near the one described in the petition but not adjoining it, on which he resides, and that it is reasonably worth more than $1,000.00; that appellant had been in the exclusive possession of the land described in the petition since the death of his wife in August, 1895." Quite a lot of evidence was taken in depositions and made a part of the record. The trustee, Josiah Phillips, named in the deed, gave his deposition, stating, in substance, that he is past eighty years of age and lives at Sonora, Kentucky, and knew Margaret Sullivan in her lifetime and was also acquainted with her sisters, appellees, and with appellant; that he has been acquainted with the land in controversy ever since Margaret Sullivan acquired title to it; that he did not know of the execution of the trust deed to him by appellant and Margaret Sullivan, and the deed was not de-

livered or offered to be delivered, to him, or its existence made known to him until long after the death of Margaret Sullivan and long after the deed had been placed to record; that he did not accept the deed or trust or undertake to execute the trust and had never had anything to do with the deed, or with the estate which was attempted to be passed by the deed; that nobody mentioned the deed or the trust to him, or asked his permission to make the deed to him as trustee, and he did not agree to accept the deed and did not do so. . There is no evidence in the record indicating that Josiah Phillips knew of the deed or its execution until long after the death of Mrs. Sullivan, or any evidence tending to show that he knew anything about the trust arrangement entered into between Mr. and Mrs. Sullivan.

It is well settled that a deed to be effective and pass title must be signed by the grantor, acknowledged and delivered to the grantee and *accepted by him*. In Kirby v. Hulette, 174 Ky. 257, it is said that the delivery of a deed is the act which divests the grantor of title in the property which is the subject of the deed, and the title does not pass until the deed is delivered. Even a delivery of a deed is not effectual unless the delivery was made with intention on the part of the grantor to convey the title, and accepted by the grantee for the purpose and with the intention on his part of taking and holding title to the property described in the deed. No title can or will pass under a deed until it is delivered, either actually or constructively. In Justice v. Peters, 168 Ky. 583, it was said that a deed to be effective against a subsequent purchaser for valuable consideration, must have been delivered to the grantee, or to some one for him, and *accepted* by the *grantee*. An intention to deliver the deed without actual or some symbolical delivery, does not pass title. While the fact that a deed is of record is *prima facie* evidence of its delivery, the burden may be shifted to the one claiming under the deed to prove that it was actually delivered, when it is shown that the deed was not in fact delivered, as in this case. So also is the *acceptance* of a deed a necessary part of the *delivery,* and title does not pass to a grantee *sui juris,* until he accepts the conveyance, even though the deed is delivered to him. Sullivan v. Sullivan, 179 Ky. 686.

In transactions between adults it is said in Cronin v. Cronin, 169 Ky. 767, that the delivery and acceptance

are both essential to the validity of a deed. Blackstone, Lewis edition, book 2, page 766; Corpus Juris, vol. 18, 157; Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167; Ball v. Sandlin, 176 Ky. 537, 195 S. W. 1089; Cates, &c. v. Cates, 152 Ky. 47, 153 S. W. 10; 30 C. J. 694-5. But where the deed is to the advantage of an infant grantee, a presumption arises that he accepted the conveyance.

In the absence of a delivery by the grantors in the deed under consideration to Josiah Phillips, trustee and grantee in the deed, no title passed from Margaret Sullivan and her husband, Robert M. Sullivan, to the trustee. The trustee having no knowledge or information of the making of the deed or his selection as trustee, was not afforded an opportunity to either accept or reject the trust. 30 C. J. 694, et seq. The evidence clearly shows that he did not accept it and rather indicates that he would not have accepted it had he known of the execution of the deed and his selection as trustee. There was neither delivery nor acceptance, hence no passing of the title. If no title passed from Margaret Sullivan to Phillips as trustee for the use and benefit of the survivor, Robert M. Sullivan, then the deed was ineffectual to vest appellant Sullivan with title, he claiming through and under the deed made, as he says, for his use and benefit.

The lower court adjudged Mrs. Bland and Mrs. Kinkead "the owners in fee simple of the land set out and described in the petition, subject to a life estate of the defendant, Robert M. Sullivan, in an undivided one-third of same," and further held that the rents and profits derived from the undivided two-thirds interest in the land which appellant, Robert M. Sullivan, occupied and used, but which he had no right to, was and is equal in value to the improvements placed on the land and taxes paid by appellant, at least to the extent that the improvements increased the vendible value of the land and set the one off against the other. The life tenant is required to pay the taxes, make repairs and do all things else necessary to the preservation of the estate in remainder.

So, it was appellant's duty to pay the taxes upon one-third of the land in controversy, he being the life tenant to that extent. His use and occupancy of the land, however, was worth something, and the trial court after hearing the facts decided the rental value of the two-thirds of the land to which he was not entitled was equal

to the taxes paid and improvements put upon the land during his occupancy. We are not disposed, therefore, to disturb this finding and conclusion of the trial court because it appears to accord with the facts, and is just and fair.

Neither is appellant's claim of adverse possession maintainable. As a life tenant of one-third of the land he was entitled to occupy the premises, his one-third being undivided. He had a right to occupy and use the lands, at least to the extent of one-third thereof. His occupancy, therefore, was the natural result of his life tenure and was not calculated to put the actual owners of the land upon notice that he was holding or claiming adversely to them, the presumption being that he was holding according to his title and right and not contrary thereto. May v. C. & O. R. R. Co., 184 Ky. 493. One joint tenant cannot claim adversely to his co-owner and thus acquire title unless he brings knowledge to them of his exclusive claim of title and with the purpose to oust them or do such acts as are reasonably calculated under the facts and circumstances to put the outstanding cotenants upon notice that the occupying tenant is holding adversely to him and claiming title to the whole tract. Miller, et al. v. Powers, et al., 184 Ky. 417. Moreover, appellees were both married in 1895 and continued so until entry of the judgment. Their disability was never removed. The statutes of limitation did not, therefore, run against them. Miller v. Powers, supra; Peters v. Noble, 196 Ky. 123.

For the reasons indicated the judgment is affirmed.