## Hounshell et al. v. Hounshell et al.

(Decided January 24, 1930.)

W. L. KASH for appellant.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion on the former appeal is reported in 223 Ky. 289, 3 S. W. (2d) 620. Granville Hounshell, in his lifetime, was the owner of a large tract of land, comprising some 1,000 acres more or less, and which is referred to in the record as the home place, to distinguish it from some other lands he owned. On June 12, 1923, Granville Hounshell conveyed this home place to his wife, Lizzie Hounshell, for life and after her death to their three children, who were then living, for their lives, and then to their children. Granville Hounshell died on June 20, 1924. After his death, and on January 23, 1925, Samuel Hounshell, a son of Granville Hounshell by a former marriage, sued the grantees in the deed of June 12, 1923, to establish his title to part of the land embraced in that deed, but which he claimed his father had conveyed to him on February 15, 1908. On April 12, 1926, Clara Hounshell and Leonard Hounshell, children of Floyd Hounshell, who was also a son of Granville Hounshell by his former marriage, and who died in the lifetime of his father, sued the grantees in the deed of June 12, 1923, to establish their title as

children of Floyd Hounshell to another portion of the home tract which they claimed had been conveyed to their father by a deed of the same date as that of the deed claimed by Samuel Hounshell. The two actions were consolidated. The defendants in the two actions filed an answer and counterclaim and later an amended answer and cross-petition, by which they brought into the suit the other children of Granville Hounshell by his former marriage. The defense set up in this answer, counterclaim, and cross-petition was a claim of ownership under the deed of June 12, 1923, and a denial of the execution of the alleged deeds of February 15, 1908. The defendants asked that their title be quieted as to the claim set up in the petitions, and as against claims which the defendants alleged the cross-defendants were making to the property. The cross-defendants filed answers to the cross-petition of the defendants, and in their answers they disclaimed all interest in or to any portion of the home tract, which was the only land in dispute in these consolidated actions. After proof had been taken, the lower court adjudged the plaintiffs the relief they sought. On appeal to this court, the judgment was reversed in the opinion referred to because some of the defendants were infants and the record did not show that they had been properly summoned and that a guardian ad litem had been appointed to defend for them. On the return of the case to the lower court, these errors were rectified and the proof retaken; it not differing substantially from that given on the first hearing. Again did the lower court grant the plaintiffs the relief they sought, and again the defendants have appealed to this court.

The main ground relied upon for a reversal is that the proof fails to establish the execution, delivery, and acceptance of the deeds relied upon by the plaintiffs.

In 1908, when it is asserted that Granville Hounshell made the deeds under which the plaintiffs claim, his first wife, Martha Hounshell, the mother of Samuel and Floyd Hounshell, and the cross-defendants, was then living. All of their children, with the possible exception of Floyd, were very young. Floyd was old enough to be married and to have children. Floyd was living on the home place near to where Granville and Martha Hounshell were living. Martha Hounshell died on February 28, 1909, and Granville Hounshell remarried on August 25, 1910; his second wife being the defendant Lizzie Hounshell. Floyd Hounshell died February 23, 1911.

After his death, his widow, Lizzie, later intermarried with Prince Combs, left the house where she and Floyd had lived, and with her children by Floyd Hounshell went to live with her second husband, Prince Combs.

To establish the execution and delivery of the deeds under which they claimed, the plaintiff's introduced as witnesses Stella Jett, Samuel Hounshell, Eliza Anderson, Grover Anderson, and Lizzie Combs; the last named being the mother of the plaintiffs Clara and Leonard Hounshell. Stella Jett and Eliza Anderson are the daughters of Granville and Martha Hounshell, and were among the cross-defendants who disclaimed any interest in the subject-matter of this litigation. Grover Anderson is the husband of Eliza Anderson. On the final hearing of this case, the court sustained the exceptions to the depositions of Samuel Hounshell, Stella Jett, and Eliza Anderson on the ground that these witnesses were interested and hence could not testify as they had done with reference to conversations and transactions had with their father and brother, Floyd, both now deceased. In so far as the court sustained these exceptions to the depositions of Stella Jett and Eliza Anderson, it was in error. Although made cross-defendants by the cross-petition of the defendants, now appellants, these witnesses by their answer disclaimed all interest in the subject-matter of this suit, and indeed the testimony discloses they in fact had none. Therefore, although they were nominal parties to the suit, as they had no interest in the result of the action, they were competent witnesses, and could testify as to the acts and conversations of Granville and Floyd Hounshell. Taylor v. Taylor, 217 Ky. 227, 289 S. W. 305.

Eliza Anderson, Stella Jett, and Grover Anderson testified, in substance, as follows: Granville Hounshell in his lifetime was a very prosperous business man of Jackson county. He had also served at one time as deputy county clerk. He not only was the owner of the home place, but other lands as well. He conducted a store and a post office. In the year 1908, Granville Hounshell and his wife Martha, not being then in the best of health and wishing to make provision for their many children, all of whom, with the possible exception of Floyd, the record shows were minors, executed and acknowledged deeds to the real estate which Granville Hounshell then owned, in which their children were

respectively made the grantees. He deeded to his son Floyd a tract carved out of the home place and upon which Floyd was then living; to his son Breck Hounshell another portion of the home tract; to his son Samuel still another portion of the home tract; and to his daughters, the witnesses Stella Jett and Eliza Anderson, each a tract not comprised in the home place. He delivered these deeds duly acknowledgd to his son Floyd, with the instructions to keep them and to give them to the children as they, respectively, came of age or married. Floyd took these deeds to his home and kept them there until a short while before he died, when, apprehensive of his early dissolution from the disease of tuberculosis with which he was afflicted, he took them to his father's store and put them for safe-keeping in an old safe which his father had in that place. During his lifetime, Granville Hounshell told these witnesses many times that he had executed these deeds, and pointed out to them the respective tracts covered by the deeds. After Floyd's death, Stella Jett and Eliza Anderson got possession of their deeds and put them to record. They were produced and identified on the trial of this case. The other deeds, which included those of Floyd and Samuel, disappeared, and have never been found. They were never recorded. The witnesses admitted that up until Granville Hounshell died in the year 1924 he remained in possession of the home place, cultivated it, cut the timber off of it, and treated it as his own, and of course that just before he died he made the deed to it under which the appellants claim. Stella Jett says, though, that her father, in discussing this 1923 deed, told her that he had to make it in order to keep peace with his wife Lizzie Hounshell and that he knew that it would not amount to anything.

The witnesses also admit that, after Granville Hounshell had deeded their respective tracts to his daughters, Eliza Anderson and Stella Jett, he later exacted compensation from them for the transfers theretofore made. Eliza Anderson says that her father gave her the money wherewith to pay him back, and that he did it surreptitiously in order that his wife Lizzie Hounshell, who was raising a disturbance about the transfers, might be appeased. It also appears from the plaintiffs' evidence that the witness Grover Anderson bought from Granville Hounshell a part of the home tract which he and the other witnesses now say Granville had deeded to his son Breck Hounshell by these 1908 deeds, but they

undertake to explain this transaction by the statement that Breck Hounshell consented to this arrangement. The appellants did not produce Breck Hounshell to refute this statement, although they had used him as a witness on the first hearing of this cause. Although he was supporting the appellants, his testimony on that hearing was all too favorable to the appellees. Hence it is for this reason no doubt that he was not produced on the second hearing.

For the appellants, the only witness produced was Lizzie Hounshell and her testimony goes no further than that she never saw or heard of the deeds upon which the plaintiffs relied, that, if they were ever executed, she married Granville Hounshell in ignorance of that fact and of the fact that he had parted with title to the home place. It may be said in passing that the record discloses that she has obtained her part of a very substantial personal estate which Granville Hounshell, who died intestate, left. From this resume of the evidence, we cannot say that the chancellor erred in concluding that the execution, acknowledgment, and existence of the deeds relied upon by the appellees were established. Indeed, the positive statements of the competent witnesses to that effect is uncontradicted except by the circumstances mentioned, most of which, if not all, are explained. And the statements are corroborated by the deeds to Stella Jett and Eliza Anderson, which were among the deeds executed in 1908, and which are still in existence.

It is insisted, however, that, even if the execution, acknowledgment, and existence of the deeds have been established, there is no showing that the deeds were ever delivered to the grantees or that they ever accepted the conveyances made to them. So far as the deed to Floyd Hounshell is concerned, there was an actual delivery to him, and, so far as the other deeds are concerned, they were delivered to Floyd, with instructions to turn them over to the respective grantees as they married or came of age. Where a deed is placed in the hands of a third party to be delivered on some future occasion, and, the grantor intends by such delivery to the third party to relinquish all control or dominion over the deed, then there is such a delivery of the deed as to divest the grantor of the title intended to be conveyed. Haydon v. Easter, 24 S. W. 626, 15 Ky. Law Rep. 597. Mason's Guardian v. Soaper (Ky.) 23 S. W. (2d) ——, this day

decided. See Kirby v. Hulette, 174 Ky. 257, 192 S. W. 63. Under the facts proved in this case, by the delivery of the deeds to Floyd Hounshell by Granville Hounshell, the latter undoubtedly intended to relinquish all control or dominion over them. True it is that he later sold some of the property to Grover Anderson and made the deed of 1923. But these transactions were explained in the evidence, and as so explained bring the case within the rule of the Haydon case, supra, where the grantor after delivery of a deed to one Kendall, to be by him delivered to the grantor's natural daughter after the grantor's death, later sold some of the property. Despite this sale, due to the other circumstances showing the intention of the grantor that his daughter was to have the land covered by the deed, it was held that there had been a valid delivery of it.

That there was an acceptance of the conveyance on the part of Floyd Hounshell of the part conveyed to him is shown. The other grantees being then minors of tender years and the conveyance being beneficial to them, an acceptance on their part is presumed. See Kirby v. Hulette, supra.

In her counterclaim, the appellant, Lizzie Hounshell, asserted that she was, at the time she married Granville Hounshell, ignorant of the fact that he had conveyed the property to the appellees as they now claim, and, since the deeds were not recorded and she was not aware of the conveyances, she was entitled to dower in the tract now in dispute. Kentucky Statutes, sec. 2132, provides: "After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent."

As Granville Hounsell had parted with all title and seisin to this property long before his marriage to Lizzie Hounshell and in fact while his first wife was living, it is obvious that under the statute Lizzie Hounshell is not entitled to dower in the home tract as she claims, even though she was ignorant of these conveyances made prior to her marriage. They were obviously not made to

defraud her marital rights, as they were made while Granville Hounshell was yet married to Martha Hounshell and before her death. Not being made to defraud the marital rights of Lizzie Hounshell, the conveyances must be upheld as against her claim for dower. See Goff v. Goff, 175 Ky. 75, 193 S. W. 1009.

No error appearing, the judgment of the lower court is affirmed.