## Huff v. Begley.

(Decided February 11, 1930.)

(As Modified, on Denial of Rehearing, March 25, 1930.)

C. W. HOSKINS for appellant.

J. M. BICKNELL and M. C. BEGLEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant and appellee agreed to swap farms. The farm of appellant was in Leslie county, and the farm of appellee was in Shelby county. The agreement was that they would exchange farms, the one for the other, but appellant was to assume the payment of a mortgage against the farm of appellee in the sum of $3,300. It was agreed that appellant should execute a deed to his land and place it with Boyd Campbell, and that Campbell should hold that deed until appellee executed a deed, and he was to likewise send it to Campbell, and, when Campbell had received both of the deeds, he was to deliver them to the respective parties. Appellant executed his deed, and placed it with Campbell, and a few days thereafter appellee executed his deed and sent it to Campbell. Appellant, after Campbell had both deeds in his possession, withdrew his deed, and refused to carry out the contract. Appellee instituted suit to compel appellant to deliver the deed in accordance with the original agreement, and tendered the deed which he had executed to appellant. Appellant answered, denying that title had passed, or that he was without right to withdraw his deed, and relying on the further defense that the deed, when it was executed by appellee, was not in accordance with the agreement, that he had ascertained that the mortgage debt amounted to more than $3,300, and that the deed executed by appellee required appellant to pay taxes on the Shelby county land for the year 1928.

The lower court awarded to appellee the relief sought and appellant is appealing, urging a reversal, claiming that the deed executed by appellant did not pass absolutely beyond his control before he withdrew it, and that the deed executed by appellee did not conform to the agreement between them, in that it required the payment of a greater amount than $3,300 on the mortgage, and required the payment of the taxes against the farm in Shelby county for the year 1928.

We are confronted at the outset with the further contention on the part of appellant that the findings of the trial judge are contrary to the preponderance of the evidence, and in such cases it is insisted, following the rule announced in Walker v. Walker, 228 Ky. 357, 15 S. W. (2d) 298, and the cases therein cited, that this court should reverse the judgment of the chancellor. We cannot agree with this contention. There was no very great disagreement in the testimony of the respective

parties. It was admitted by both that the agreement was made; that the deeds were to be placed with Campbell; that Campbell was to make delivery of them; that appellant withdrew his deed and refused to comply with the contract. There is no doubt that the parties were bound by the deeds which were executed and placed with Campbell as their agent for the purpose of delivering them in accordance with the agreement, if the deeds, when executed, were in accordance with the terms of the contract. It is true that it is claimed by appellant that he directed Campbell not to deliver the deed which he had executed to appellee until such time as appellant might be satisfied that the deed of appellee was in accord with the provisions of the agreement. If that is the only ground appellant has for claiming the right to withdraw the deed, it follows that the sole question in the case is whether the deed executed by appellee was a substantial compliance with the contract.

Appellant claims in his testimony that he learned that the amount of the mortgage debt was $3,355.20 instead of $3,300. We hardly think that the difference in amount under the circumstances in this case was sufficient to authorize appellant to repudiate the agreement. The assumption of the $3,300 mortgage may have meant more than the principal, as in the usual course of business the principal is referred to in such transactions and not the accumulated undue interest in connection therewith. The deed executed by appellee stated that the mortgage debt was approximately $3,300. Appellant had in his hands $200 which he was to pay to appellee for farming implements, and he was therefore in position to protect himself against the slight amount above what he thought the mortgage debt was, if he was entitled to such protection.

The other complaint is that the deed executed by appellee contained a provision that appellant should pay the taxes for the year 1928 against the Shelby county farm. Appellant denies that there was any such agreement, and, if there was no such agreement, section 4023, Ky. Stats., placed the burden on appellee of paying the taxes, but the mere fact that appellee put in his deed that appellant should pay these taxes is a matter too small to authorize appellant to repudiate his contract. Probably appellee had in mind the taxes based on the assessment of July 1, 1928. The same thing may be said about the small amount of taxes due as about the interest on

184

the mortgage loan. Appellant was in position to withhold the amount of the taxes from the sum that he was indebted to appellee for farming implements. The two items together did not amount to as much as the sum of money which he had in his hands.

Appellant places much stress on the case of Brandenburg v. Botner, 221 Ky. 7, 297 S. W. 702, and other cases announcing the rule that a deed must be delivered before it becomes a valid deed. Counsel overlook the fact that a deed may be delivered to another for the grantee with the consent of the grantor. It is generally the rule that title passes with valid consideration upon the delivery of the deed, and that small errors can be corrected without rendering the title invalid. Minor defects for which a party may have an adequate remedy at law do not prevent the passage of the title or render void a deed already executed. Dotson v. Norman et al., 159 Ky. 786, 169 S. W. 527; Sheeran v. Irvin, 230 Ky. 307, 19 S. W. (2d) 976.

On the whole case, we find that the judgment of the chancellor was in conformity with the law and the facts.

Judgment affirmed.