## Baber v. Griggs.

(Decided Feb. 16, 1934.)

ROSS & ROSS for appellant.

J. P. CHENAULT for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

Appellant and appellee are owners of adjoining farms. That of the appellant abuts on a public highway. That of the appellee is back from the highway, and access is obtained to it by means of a passway or road which runs from the public road over appellant's farm. The surface of the ground slopes from the public road back to the appellee's farm, and thence down to a creek. There is quite a little hill on appellant's farm around which the passway winds downward towards the appellee's farm. In the fall of 1932 the appellee worked this passway. In so doing, and in that part of the passway that winds around the hill, he repaired at intervals of some 45 or 50 steps what are called in this record "dead men," which are raised elevations in the road composed of logs, dirt, and brush and which prevent water from running down the road from the top of the hill to the bottom, diverting it into ditches by the side of the road and through cuts in such ditches out onto the property which skirts the road on the lower side. Alleging that by the construction of these "dead men" the appellee had diverted onto appellant's farm the natural course of the water which was down the road from the top to the bottom, appellant brought this suit for damages he claimed had been done his pasture because of such diversion. In a second paragraph of his petition, he also claimed damages for trespass on his pasture committed by the appellee's harrow being driven across that pasture on two occasions. The appellee by his original answer, after traversing the allegations of damage done, admitted the repair of the "dead men," and averred

that they were necessary in the proper maintenance and construction of the road, and without which the road would be of no worth, and that he had not newly constructed such "dead men," but had only repaired "dead men" that had existed there for a long time, and that the road had been worked in the ordinary and customary fashion. By a counterclaim, he sought damages for an alleged trespass committed on his farm by appellant. Subsequent pleadings made up the issues, and the parties went to trial. There was really no dispute in the evidence except the extent of damage done by the water which flowed off of the road onto appellant's farm and the damage caused by the respective trespasses, and one other matter to which we shall presently advert. The trespasses were admitted on both sides, and there was no contention but that appellant had at least repaired the "dead men" and that the presence of these "dead men" caused water to flow onto appellant's property. The particular matter where the parties differed sharply in the evidence was as to whether or not hese "dead men" had existed in the road for as much as 15 years and better before the appellee repaired them; the evidence of the appellee being that they had and that of the appellant that they had not.

At the close of the appellant's case, and after he had introduced evidence to show that these "dead men" were rather recent innovations, the appellee tendered an amended answer, to the filing of which appellant objected. The objection was overruled and the answer ordered filed. It was unverified. In substance, it pleaded that these "dead men" had existed for over 15 years, and had been frequently repaired and rebuilt without objection or hindrance on the part of the appellant or his predecessors in title; that, by reason of these facts, appellant was precluded from objecting or interfering with the appellee's rebuilding and repairing such "dead men." This amended answer being controverted of record, the trial proceeded, and, after the appellee had introduced his evidence, which, as stated, indicated the presence of these "dead men" in the road for over 15 years, the case was submitted to the jury under instructions which we shall later discuss. The jury found a verdict for the appellant in the sum of $1 because of the trespass committed by the appellee in driving his harrow over appellant's pasture and a like verdict in favor of the appellee against the appellant for the trespass.

committed by the appellant on appellee's property. On the claim of damages done appellant's pasture by reason of the diversion of the water, it found for the appellee. From the judgment entered on that verdict, this appeal is prosecuted.

Appellant first insists that his demurrer to appellee's counterclaim should have been sustained because such alleged counterclaim was not a proper one under the Code, in that it had no connection with any of the matters set up in plaintiff's petition. Conceding the correctness of all this, we are yet met with the proposition that the only verdict found against the appellant on this score is the sum of $1, and it is too well settled to require discussion that this court will not in a case of this sort reverse a judgment where merely nominal damages have been awarded.

It is next contended that the court erred in permitting the amended answer to be filed, first, because it was unverified. It is argued that, as the amended answer set up a new and distinct defense, it could not be filed unverified, since the authority granted by section 139 of the Civil Code of Practice to file amendments unverified is conditioned on them not setting up a new cause of action or defense. Conceding the correctness of appellant's position, we are of the opinion that the failure to require the amended answer to be verified was not prejudicial error. The appellant himself had already introduced evidence on the issue presented by this amended answer, perhaps on the theory that the issue was already in the case because of the original answer or the first amended answer. But be that as it may, as said in the case of Ball v. Sandlin, 176 Ky. 537, 195 S. W. 1089, 1090, where a like contention as that now argued was advanced and disallowed:

"If the judgment should be reversed for this error, the amended answer, no doubt, would be verified, and the case retried upon the same issue. It is not contended that appellant was misled, or that he could bring forward any additional proof, or that he has been substantially prejudiced in any way; it is only contended that the court made a technical error in not requiring the defendants to verify their answer, after it had been filed, without objection."

It is true that in the instant case the motion to file the amended answer was objected to, but it is not per-

ceived why any distinction should be made so far as the point under discussion is concerned between the refusal to require an answer to be verified on proper motion after it has been filed and allowing it to be filed unverified over objection.

It is next contended that the amended answer should have been rejected because it set up a new and distinct defense. Whether it did or not is arguable under the pleadings. But, conceding that the amended answer did present a new issue, we are yet met with the proposition that the courts have a very wide discretion in the matter of permitting amendments to be filed. The appellant was not misled or prejudiced by the filing of the amendment here in question. He had his evidence on hand as to this issue, and, indeed, had introduced it in chief before this amended answer was filed. He did not ask for a continuance when the amended answer was filed, no doubt because not only was he ready on that issue but he had in fact already met such issue. Under the circumstances, we do not think the court erred or abused a sound discretion in permitting this amended answer to be filed.

It is next contended that the court erred in instructing on the defense set out in this amended answer; it being appellant's claim that appellee is responsible for the diversion of the water, no matter how long these "dead men" had been in place. There was evidence to establish that these "dead men" had been in existence for over 16 years; that, as constructed in the road, they were substantial structures, and had for the past 16 years diverted the water onto appellant's land; that there was no way to save this hillside road for use save and except by the employment of these "dead men," for, without them, the wash would so gully the road as to render it impassable; that the repairing of these "dead men" did not divert the water, since it was the original construction of them that had accomplished that fact. These facts being in evidence, the court rightly instructed the jury on the issue raised by the last amended answer. Cf. City of Richmond v. Gentry, 136 Ky. 319, 124 S. W. 337, 136 Am. St. Rep. 255; Moore v. Lawrence County, 143 Ky. 448, 136 S. W. 1031.

Finding no error in the judgment, it is affirmed.