# Keller et al. v. Federal Farm Mortg. Corporation.

Feb. 26, 1943.

C. H. Lowry for appellants.

Boyd & Boyd and R. A. Buckles for appellee.

Opinion of the Court by Stanley, Commissioner—
Affirming.

The appellants seek a reversal of a judgment denying their right to possession of 46 acres of land by reason of their ownership and to damages for its use and retention by the appellee.

The records of two previous suits involving this land were made a part of this one. It is disclosed that on September 8, 1880, Billingsly and others conveyed two-thirds and one-third interests in 90 acres to Charles McGuire and Thomas Keller, respectively. They were colored men. A parol division was made and Keller entered into possession of 30 acres. He conveyed this parcel and 16 adjoining acres to his wife, Florence Keller, on September 2, 1885. On January 1, 1903, Florence Keller and her husband executed a deed to the land to his brother, Phillip Keller, who lived in Virginia. The stated consideration was $800, one-half of which was payable in thirty days and the other in six months. The deed was recorded and then sent to Phillip, with notes for him to sign. He returned the papers with a letter dated March 10, 1903, in which he said: "Tom I got them notes But I cant sign them that would only make me deter to you wife to that amount so I send them back to you." The title rested there until Florence Keller conveyed the land to Silas Harris on January 9, 1920. Appellee's title is derived from him. The appellants claim title under the deed to Phillip Keller. The foregoing account of the deed to him is contained in the record of a suit filed in August, 1913, by Florence Keller, her husband, and Charles McGuire against Phillip's widow, Kibbie Keller, and his two children, Harriet and Sallie, then young infants, the only heirs. Phillip had died intestate in 1912. That petition prayed a cancellation of the deed of January 1, 1903, and quieting of Florence's title. The defendants, as non-residents, were brought before the court by constructive service. The report of

the warning order attorney is in proper and sufficient form. He reported having received a letter from a firm of attorneys residing in Coeburn, Wise County, Virginia, where the defendants lived, purporting to be written for and in behalf of the defendants and acknowledging receipt of the warning communication. Interrogatories and cross-interrogatories propounded to the defendants appear in the record without the answers. The case never went any farther. But on July 23, 1931, a suit was filed in the name of Harriet and Sallie Keller against the then owners of the land to recover its possession and damages. It is therein alleged that their mother, the widow of Phillip, had died intestate. The answer was made a counterclaim and a cancellation of the deed to Phillip Keller, dated January 1, 1903, upon which the plaintiffs relied, was asked. A judgment was entered on May 11, 1932, having been rendered on the "pleadings, proof and exhibits," dismissing the petition, cancelling the deed of January 1, 1903, to Phillip Keller, adjudging that the defendants "or any other person claiming through Phillip Keller under the deed * * * have no claim against title to or interest" in the parcel of land, and that the defendants did have title as they claimed.

In this case the appellants, as plaintiffs, sought to avoid the judgment on the ground of fraud, which rests on their evidence that the widow was not dead as alleged but is yet living, and that neither she nor either of the two children ever employed an attorney to bring the suit or authorized it or knew anything about it. It appears that when the suit was filed one of the daughters was 22 and the other 20 years old. Honorable A. E. Boyd, an attorney of the Paducah bar who filed that suit, testified that the case had been referred to him by a lawyer residing in Virginia and he had furnished him with the facts stated in the petition, which had been filed in good faith. His office record had been lost, probably in the flood of 1937. Mr. Boyd had little recollection about the case. The attorney for the defendants in that case testified to having prepared the defense and that the whole proceeding was in good faith.

Of course, the widow is not bound by the judgment of 1932 because she was not a party. The plaintiffs did not establish that the judgment was obtained by fraud and collusion. At most, they proved that the two daughters had not authorized the suit. However, we need not

decide whether it is permissible for a party in a collateral proceeding to contest the validity of a judgment on the ground that an attorney who appeared for him in the action had no authority to do so, concerning which point the courts are not in agreement. 31 Am. Jur., Judgments, Section 600; 34 C. J. 537. The record itself manifests, without contradiction, that the deed to the plaintiff's husband and father was never delivered, for delivery of a deed in its legal and complete sense includes an acceptance by the grantee for the purpose and with the intention on his part of taking and holding title to the property described. Hacker v. Deaton, 200 Ky. 383, 254 S. W. 1055; Sullivan v. Bland, 215 Ky. 57, 284 S. W. 410. The presumption of delivery that arises from the recording of this deed was overcome by the evidence that it was not legally delivered and by the fact that no claim was made to the property by the grantee during his ten years of life or by his widow and heirs for nearly thirty years thereafter. During all that time the grantor and his successors in title used and occupied the land under claims sufficient to vest title in them by adverse possession.

Wherefore the judgment is affirmed.