### Elam HUDDLESTON, Appellant,

### v.

### Kay HUDDLESTON et al., Co-executors, etc., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 7, 1955.

Hile Pritchard, Albany, R. B. Bertram, Monticello, John A. Sloan, Albany, for appellant.

Bruce H. Phillips, Monticello, C. C. Duncan, Monticello, Fritz Krueger, Somerset, for appellees.

CULLEN, Commissioner.

This case, which involves the validity of a deed executed by K. E. Huddleston to his son, Elam, is here on a second appeal. The litigation is between Elam and two of his brothers, who were executors under the will of K. E. Huddleston.

The first judgment set aside the deed on the grounds that it had been rescinded and revoked by mutual oral agreement, and that Elam was estopped to assert title. On an appeal from that judgment, this Court held that these grounds were not sustainable, and the judgment was reversed. However, we held that the executors were entitled to a trial of the issue of whether there had been an execution and delivery of the deed. Huddleston v. Huddleston, Ky., 265 S.W.2d 942.

On remand of the case, proof was heard on the question of whether the deed had been delivered with the intent to pass title. (Execution and manual delivery were conceded.) The court held that there was no intent to pass title, and entered a second judgment voiding the deed. Elam Huddleston appeals from that judgment, maintaining that the proof does not support the judgment.

Elam relies upon the rule that possession of the deed by the grantee raises a presumption of effective delivery, and that the burden is upon the contestant to establish by clear and convincing evidence that the intention of the parties was not to pass title. See Ratcliff's Guardian v. Ratcliff, 242 Ky. 419, 46 S.W.2d 504, and Jones v. Driver, 282 Ky. 82, 137 S.W.2d 729. He maintains that the proof to overcome the presumption was not clear and convincing.

The deed was executed in 1936, covering a farm of some 500 acres which was the major item of the estate of K. E. Huddleston. In the deed K. E. Huddleston reserved a life estate. The consideration was $15,000, payable two years after the death of the grantor.

At the time of execution of the deed K. E. Huddleston was 78 years of age. He had several adult sons and daughters then living, who also survived him. He lived for 16 years after the deed was executed, dying in 1952 at the age of 94. During these years he continued to occupy and control the farm.

In support of their contention that the deed was delivered, not with the intent to pass title, but only as an accommodation to Elam to support his credit in a time of financial difficulty, the executors introduced evidence of the following facts:

1. Shortly after the deed was delivered to him, Elam attempted to use it as collateral for loans, but was unsuccessful.

2. In 1938, Elam returned the deed to his father, at the latter's request. He did not again regain possession of the deed until after his father's death, and he did not record it until two months after the death.

3. During the 16 years that the father remained in possession of the farm, he sold timber therefrom, and conveyed away several parcels of the farm, all with Elam's knowledge and with no objection from Elam.

4. In his will, the father made a testamentary disposition of the farm, as if he were the owner in fee.

5. After the father's death, Elam attempted to buy the farm from his brothers and sisters, and in connection with these efforts he wrote letters to them referring to "Dad's farm."

6. At a public sale of the farm conducted by the executors, Elam attempted to induce others to bid on the farm for him, and he entered a bid himself.

7. Two years before the father's death, Elam suggested to one of his sisters that she should buy the farm from their father.

While there was a conflict of evidence on some of the above facts, the evidence for the executors was sufficient to warrant a finding that the facts were true.

It is our opinion that the evidence showed a course of conduct by Elam and his father wholly inconsistent with any idea of title passing to Elam, and was sufficient to overcome the presumption of effective delivery arising from Elam's one-time possession of the deed. See Hood v. Nichol, 236 Ky. 779, 34 S.W.2d 429; Ball v. Sandlin, 176 Ky. 537, 195 S.W. 1089.

The judgment is affirmed.